## MIMS v. THE CENTRAL BANK OF GEORGIA.

1. In an action against the indorser of a promissory note, the declaration should alledge a demand, refusal and notice, or something equivalent.
2. The Courts of one State cannot judicially know what are the laws of another. If therefore, the *lex loci contractus* dispensed with the necessity of demand and notice, it should be alledged in the pleadings, that it may be proved if denied.
3. The common law of the State being derived from a common source, in the absence of proof to the contrary, it will be presumed to be the same in all.

THIS was an action of *Assumpsit* brought by the defendant in error against the plaintiff in the Circuit Court of Macon, as the last indorser of a promissory note of the following tenor, viz :

$1,200.                    November, 24th, 1836.

One hundred and eighty days after date I promise to pay to the order of W. Fleming, twelve hundred dollors, at the Central Bank of Georgia, for value received.

[Signed]            JAMES BUSSEY.

The declaration deduces the liability of the defendant from his indorsement, without alledging, either a presentment of the note for payment, or notice of non-payment.   The defendan

below demurred to the declaration, but his demurrer was over-ruled.   Thereupon the cause was tried on the general issue, which being found for the plaintiff below, and judgment rendered accordingly, the defendant prosecuted a writ of error to this Court.

BASCOMB, for the plaintiff in error.
HOWARD, for the defendant.

COLLIER, C. J.—The declaration in this case, if to be tested by the rules of pleading, applicable to suitors in general, is clearly defective.   The contract of the indorser is conditional, depending upon the due presentation of the note to the maker, or its deposit on maturity, at the place where it was payable; and in the event of non-payment, prompt notice of its dishonor.   Such being the nature of the undertaking of the defendant below, it was incumbent upon the plaintiff, to show that the condition on which his liability depended, had been performed ; and being necessary to prove it at the trial, it was indispensable to the sufficiency of the declaration, that it should be alledged.

. The indorsement of a note does not impose upon the indorser an absolute duty; it is mere inducement to his liability, and must be followed by some other acts, in order to charge him. A demand and notice or something equivalent, are the corner stones of the indorser's right of recovery.   [Desborough v. Van Ness, 3 Hals' Rep. 231 ; Dwight v. Emerson, 2. N. Hamp. Rep. 159.]   It is then clear, that a declaration, which sets forth the note and its indorsement, discloses merely a part of the cause of action, and not enough to entitle the plaintiff to judgment.

In the written argument admitted for the plaintiff in error, we are informed, that the declaration was sustained on the ground that the law of Georgia (of which State, the defendant is a corporation,) does not require the defendant, when the holder of an indorsed note, to give notice to an indorser, of a demand and refusal to pay.

Even if the declaration disclosed that the defendant in error was located in Georgia, and the indorsement there made,

we could not know that the law of that State relieved the defendant from the necessity of giving notice to an indorser. There is no allegation of what is the law of that State; if it is variant from that which prevails here, it was incumbent upon the defendant in error to have alledged in his declaration what was the law there.

The law merchant, which is part of the common law, imposes upon the holder of indorsed paper, the necessity of a demand and notice ; and the Courts of one State cannot take judicial notice of the laws of a sister State, or of a foreign country, at variance with the common law. [Holmes v. Broughton, 10 Wend. Rep. 75, 78 ; Brown v. Gracey, 2 Dowl. & Ryl. Rep. 4, 1; N. A., and cases cited in 3, Phil. Ev,. ed. of Cow. & Hill, 1137, 1138.] The common law of this State, in the absence of any thing appearing to the contrary, will be presumed to be the law of Georgia; the more especially, as our rules of decision, apart from legislation, are derived from the same common source. [3 Phil. Ev. ed. of Cow. & Hill 1138.]

If the defendant in error sought an advantage from the law of Georgia, the *onus* lay on him to show what the law was. [3 Phil. Ev. ed. of Cow. & Hill, 1136.] The declaration is not so framed as to show that it was insisted on, or to allow it to be given in evidence. If the declaration had been drawn in the usual form, we will not say that the *lex loci contractus* would not have been admissible, to show that the holder was excusable for an omission to give notice. [Kennon v. McRea, 7 Porter's Rep.] Be this as it may, it would certainly be most advisable, to make the allegations of the declaration conform to the proof.

The judgment of the Circuit Court is reversed and the cause remanded.