Nelson and Sturges, trustees agt. Eaton.

---

# SUPREME COURT.

## NELSON and STURGES trustees &c. agt. EATON.

The complaint averred that the defendant made his note to the Atlas Mutual Ins. Co., or order, and that the company indorsed it, and transferred and delivered it to the plaintiffs, but did not expressly aver that the transfer was made pursuant to a resolution of the board of directors.

*Held*, on demurrer, that if such resolution were necessary, it was implied and provable under the allegation that the company transferred the note: that allegation was not true, if the transfer was not made by the proper officer of the company, and according to law.

Where the complaint showed an agreement between persons called "the undersigned," and the company, that the subscribers agreed with the company, that

they would lend their notes to the company, if they were secured by collaterals to be left with the plaintiffs, whom they called trustees, and that the trustees should, in their discretion, advance the subscribers' notes to or for the use of the company, on receiving such collaterals as security;

*Held*, that there was nothing necessarily illegal in such a transaction. It was carried out; the subscribers, through the trustees, so applied their own notes and took as security, the note of the defendant, with others. This gave the plaintiffs a right to recover against the defendant. And even if the transfer to the plaintiffs was invalid as against creditors or stockholders, it was good against the defendant, until those supposed to be enjoined applied to set it aside.

*New - York Special Term, January, 1857.*
DEMURRER to complaint.

T. H. RODMAN, *for plaintiffs.*
S. P. NASH, *for defendant.*

MITCHELL, Justice. The complaint shows that the defendant made his note to the Atlas Mutual Ins. Co. or order, and that the company indorsed it, and transferred and delivered it to the plaintiffs. This passed the title of the company to the plaintiffs, and entitled them to sue unless they are precluded by some other statement in the complaint. The complaint does not expressly aver that the transfer was made pursuant to a resolution of the board of directors. If such resolution were necessary, it is implied and provable under the allegation that the company transferred the note. That allegation is not true, if the transfer was not made by the proper officer of the company, and according to law. The complaint states that *after* the transfer the company "*became insolvent,*" and was dissolved. This is an indirect statement, that it was solvent when the transfer was made. It would be untrue to say that the company *became* insolvent *after* the assignment, if it were insolvent before, and at the time of the assignment. The complaint shows an agreement between persons called in it "the undersigned" and the company. It is very improperly written; but its fair interpretation is, that the subscribers agreed with the company that they would lend their notes to the company if they were secured by collaterals, to be left with the two plaintiffs, whom they called trustees, and that

the trustees should, in their discretion, advance the subscribers' notes to or for the use of the company, on receiving such collaterals as security. There is nothing necessarily illegal in such a transaction. It was carried out. The subscribers, through the trustees, so applied their own notes, and took as security the note of the defendant, with others. This gives the plaintiffs a right to recover against the defendant.

Even if the transfer to the plaintiff is invalid as against creditors or stockholders, it is good as against the defendant, the debtor of the company, until those supposed to be injured, apply to set it aside. They may have elected to have the money collected in this suit, and to contest their right to it when collected, or they may have chosen to ratify the assignment. Such transfers are voidable, not void.

The demurrer by the defendant must be overruled with costs.