## FISHER vs. PRICE.

, [ACTION ON PROMISSORY NOTE, BY ENDORSEE AGAINST ENDORSER.]

1. *Waiver by endorser of demand and notice.*—The words, "I waive protest on the within note," written by an endorser, on the last day of grace, • on the back of a promissory note payable in bank, are a waiver of demand and notice, and fix his liability.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

JOHN HALL, for appellant.
OVERALL & MOULTON, *contra.* •

STONE, J.—The appellant was endorser on a promissory note payable in bank. His liability is to be determined by the commercial law.—Code, §§ 1525–26. On the last day of grace, at the maturity of the note, the appellant signed the following endorsement on the back of said note : " I waive protest on the within note." (Signed) " William Fisher." The question is, does this waiver fix the liability of the endorser?

Under our statutes, notaries public are empowered to protest such papers as this (Code, § 857) ; and their official certificates are legal evidence of demand, protest and notice, so as to charge the endorser.—Pamph. Acts, 1853–4, p. 37. Technically considered, a waiver of protest is not a waiver of demand and notice. But we think this language must not be understood in its technical sense. The term, in its popular significance, rather "includes all those acts which are necessary to charge an endorser." Giving it this construction, we accord operation and effect to the act of the parties ; whereas, if we confined them to the limited meaning of the phrase, the endorsement could have no effect whatever. The endorsement was placed on the note on the last day of grace ; and it would imply marvel-

ous incredulity, if we were to doubt that the endorser then had knowledge that the note was, or would be dishonored. These principles have been fully recognized and asserted in the following cases, on reasoning which we consider unanswerable: *Coddington v. Davis*, 1 Comst. 186; *S. C.*, 3 Denio, 16; *Beale v. Peck*, 12 Barb. Sup. Ct. 245; *Bruce v. Little*, 13 Barb. 163; *Day v. Ridgway*, 17 Penn. State Rep. 303; Edw. on, Bills, 634, See further, on this subject, Pars. Mer. Law, 118.

The rulings of the circuit court are consistent with our views above expressed, and the judgment is affirmed.