# Cook v. Mutual Insurance Company.

## Action on Promissory Note.

1. *Promissory note; what law defines obligations of parties to.*—The law in force when a promissory note is made and indorsed, regulates and defines the liabilities of the parties.

2. *Same.*—The act of April 8th, 1873, converting promissory notes payable in money at a designated place, into negotiable instruments governed by the commercial law, has no application to notes made before its passage.

3. *Indorsee; what necessary to sustain action by, against indorser of paper not commercial.*—The indorsee cannot maintain suit against the indorser or assignor of paper not commercial, where the amount exceeds fifty dollars, without averring and proving suit against the maker to the first term, prosecuted to judgment and return of "no property," or some sufficient excuse for not having done so.

4. *Same; what defences subject to in hands of.*—All contracts for payment of money, except instruments governed by the commercial law, are subject in the hands of the assignee to all payments, discounts, and sets-off made or had prior to notice of assignment, and to any defense which could have been made against the assignor or endorser.

APPEAL from Pickens Circuit Court.

TRIED before Hon. LUTHER R. Smith.

This was an action brought by the Citizens Mutual Insurance Company as endorsee against M. F. Cook as endorser of a promissory note for $733,34 to the Spring term 1872 of the circuit court.

The complaint was as follows : The plaintiff claims of the defendant seven hundred and thirty-three dollars and thirty-four cents, due by promissory note made by O. G. Jones, on the first day of March, 1871, and payable *himself* [to the order of?] M. F. Cook at the office of W. H. Roberts, Mobile, Ala., on the first day of December, 1871, with interest thereon, by whom the said note was endorsed to plaintiff, and the said note not being paid at maturity was duly protested, of which the defendant had due notice, said note with damages and interest thereon is still due.

The defendant demurred, among other grounds, because the maker was not prosecuted to insolvency before suit instituted against the endorser ; because it is not shown that a judgment was obtained against the maker of said note and execution returned "no property" before suit brought.

This demurrer was overruled.

The defendant filed seven pleas, among them payment, set-off, failure and want of consideration, and a special plea reciting, in substance, that defendant, as part of the transaction in which the note was given, drew a draft on said W.

H. Roberts, of Mobile, for the same amount as the note, payable to J. A. Eddins & Co., on November 5th, 1871, which Roberts accepted but failed to pay, and defendant afterwards paid it, after protest, to the payees ; that the note sued on was endorsed and left with Roberts under an agreement between defendant Jones, the maker of the note, and Roberts, that said Roberts should retain the note on deposit, and not use or negotiate it in any way unless Roberts paid the draft which he had accepted, and in that event only was Roberts, to use the note and raise money on it; that Roberts paid no part whatever of the said draft, but on the 5th of June, 1871, transferred the note, in violation of said agreement, and at a time when defendant owed him nothing.

The plaintiff demurred to all the pleas except that of payment, on the ground that the paper sued on was commercial paper and the facts set forth in the pleas constituted no defense.   The court sustained the demurrer and the case was then tried on the plea of payment and the general issue.

The plaintiff introduced the note sued on, which read as follows :

" MOBILE, ALA., March 1, 1871.

Nine months after date I promise to pay M. F. Cook or order seven hundred and thirty-three dollars and 34-100 value received, *negotiable* and *payable* at the office of W. H. Roberts, Mobile, Ala.

O. G. JONES.

Endorsed—M. F. COOK, W. H. 'ROBERTS, S. W. ALLEN, Secretary."

The defendant testified that he had never paid the note sued on except as stated in the special plea.

The court charged the jury that the note sued on was commercial paper ; that the plea of payment was not sustained unless there had been a payment to the plaintiff; that payment of the draft was not payment of the note ; and if the jury believed the evidence, they must find for the plaintiff.   The defendant excepted, and now assigns the charge and the rulings upon demurrer as error.

LEWIS M. STONE, for appellant.

R. CRAWFORD and TERRY & WILLETT, *contra.*

BRICKELL, C. J.—The promissory note, indorsed by the appellant, is not on its face payable at a bank, or private banking house, nor is it averred in the complaint that the
VOL. LIII.

place at which it is payable is the one or the other. The only contracts made and payable in this State, which when the note was made were subject to the commercial law, were bills of exchange, and promissory notes payable in money at a bank or private banking house. R. C. §§ 1833, 1851. All contracts in writing for the payment of money, or other things, or the performance of any act or duty, are assignable by indorsement, so as to authorize an action thereon by each successive indorsee. R. C. § 1838. All contracts so assigned, except bills of exchange and promissory notes, or other instruments, payable in money at a bank or private banking house, were subject in the hands of the assignee to all payments, discounts and setts-off, made or had prior to notice of assignment, and to any defence which could have been made against the assignor or indorser. R. C. §§1839, 2523. To charge the indorser or assignor of paper not commercial, if the amount due thereon exceeds fifty dollars, suit against the maker to the first court in the county of his residence, to which suit can properly be brought, after the indorsement or assignment; and if judgment is obtained, execution returnable to the next term, issued, and his inability to answer the judgment proved by the return of "no property found," is necessary. R. C. §1851. A suit against the indorsee of paper not commercial cannot be maintained without averment and proof of this suit, and its prosecution, or of some sufficient excuse for its omission. 1 Brick. Dig. 281, § 410.

The circuit court holding the appellant was the indorser of commercial paper, fell into various errors it is not necessary to notice. The promissory note disclosed in the complaint, and set out in the bill of exceptions, was not, at its making, commercial paper. The liability of appellant and the measure of his rights, are not defined or controlled by the mercantile law, but by the statutes to which we have referred. The complaint, as it is now framed, does not disclose a substantial cause of action against appellant, and no judgment rendered thereon against him could be supported. Since the making of the promissory note on the indorsement of which this suit is founded, the statute of April 8th, 1873 (Pamph. Acts 1872-3, p. 111), has converted promissory notes, payable in money at a designated place, into negotiable instruments governed by the commercial law. It operates on the nature and obligation of the contract of the parties to such notes, and cannot be construed as affecting notes made and indorsed prior to its passage. The law of force, when the note is made and indorsed, regulates and de-

fines the liability of the parties.   *Bloodgood* v. *Cummack*, 5 St. and Port, 276.

The judgment is reversed and the cause remanded.