DANIEL LIBBY *vs.* CHRISTIAN MIKELBORG and others.

May 20, 1881.

**Appeal from Justice—Leave to Answer Refused in District Court—Entry of Judgment.**—From a justice's judgment, rendered against him upon default, defendant appealed upon questions of law and fact.  His application for leave to answer, in the district court, having been denied, plaintiff, in vacation, without applying to the court, caused judgment to be entered against defendant by the clerk, as upon failure to answer. *Held*, that no further relief of any kind appearing to have been applied for or desired by defendant, plaintiff was entitled to judgment as of course, upon application to the court, under Gen. St. 1878, *c.* 65, § 124. *Held, further*, that the failure to make such application, (though an irregularity,) as it did not prejudice the defendant, furnishes no ground for reversal.

**Promissory Note, when due.**—Where no time is stated at which a promissory note falls due, it is to be taken as due presently.

Appeal by defendant Mikelborg from a judgment of the district court for Chippewa county, *Brown*, J., presiding, entered against the appellant and the sureties on his appeal bond.

*John W. Arctander*, for appellant.

*Miller & Knappen*, for respondent.

BERRY, J.* This action was commenced before a justice of the peace. Judgment having gone against defendant upon default, he appealed to the district court on questions of law and fact. He there applied for leave to answer, but his application was denied, mainly, if not altogether, upon the ground that his failure to answer in the justice's court was unexcused. Upon the matter of excuse, the affidavits *pro* and *con* are so conflicting that the district court was warranted in finding that no sufficient excuse was shown, and in denying leave to answer in the exercise of an undoubted discretion.

Leave to answer having been refused, the plaintiff, in vacation, without applying to the court, caused judgment to be entered against defendant by the clerk, as upon failure to answer. No further relief of any kind appearing to have been applied for, or to have been desired, by the defendant, the plaintiff was entitled to judgment, upon an application to the court, under Gen. St. 1878, *c.* 65, § 124. Under this provision of statute, application should regularly, and according to good practice, have been made to the court, and not to the clerk; but as the plaintiff was, as a matter of course, entitled to his judgment, as above indicated, his failure to apply to the court was an irregularity which did not prejudice the defendant, and there is, therefore, no substantial reason for a reversal.

The complaint states a cause of action upon two promissory notes. The fact that no date is alleged at which they fell due does not render the complaint insufficient. In the absence of such allegation, the presumption is that they were due presently.

Judgment affirmed.

*Cornell, J., on account of illness, took no part in this case.