JESSE SOULE *vs.* JOHN THELANDER.

November 17, 1883.

School-District—Pleading.—A pleading considered, and *held* to sufficiently allege the existence of a certain school-district.

Same—Averment of Regular Meeting—Presumption of Validity.—From the allegation that a regular meeting of a school-district was held, at which a certain vote .was had, it will be presumed that the meeting was valid.

Same—Resolution to have School Kept—Liability of Trustees for Neglect.—Where, at such a meeting, it is voted to have a school kept for a specified time, and sufficient funds are provided, the trustees render themselves liable to the..penalty imposed by Gen. St. 1878, *c.* 36, § 86, as amended by Laws 1879, *c.* 41, by neglecting, without excuse, to provide the school the specified time.

Same—Who may Sue for Penalty.—Though the cause of action for the penalty is in the district, the action for it may be brought by a director or freeholder in his own name.

Same—Objection that Plaintiff is not Director or Freeholder.—That the plaintiff in such action is not a director or freeholder, does not affect the cause of action, but only the plaintiff's capacity to prosecute it, and the objection is not reached by a general demurrer.

Plaintiff, in his complaint, (in the municipal court of Stillwater,) alleges that for ten years he has been and is a citizen, resident taxpayer and legal voter in school-district No. 10 in Washington county; "that at the regular school meeting in the fall of 1881, held in and for said school-district, the voters of said district, being then and there duly assembled, voted and ordered that during the year 1882, school should be kept and maintained in said school-district for the period of seven months," (four in the winter and three in the summer,) "and the said school meeting then and there duly voted to raise the necessary means by tax to pay all the expenses of said school," and that the taxes were collected, and during all the year 1882 there was money in the treasury of the district and county, subject to the district treasurer's draft, to maintain the school and pay all expenses.

The complaint then alleges neglect and refusal of the clerk, director and treasurer of the district (though well knowing the vote) to employ a teacher or have a school kept; that defendant was clerk of the district and member of the board of directors, and, as such, voted not to maintain a school, and neglected and refused to maintain it or have it maintained. Judgment is demanded for ten dollars, "for the use and benefit of said school-district," and for costs. .

The complaint contains no direct averment of the existence of the school-district, nor does it allege that the plaintiff is a freeholder. A demurrer on the ground of the failure of the complaint to state a cause of action was overruled, no answer was put in, the court heard plaintiff's testimony, and thereupon judgment was entered "that the plaintiff recover of said defendant the sum of ten dollars damages, with eleven and 90-100 dollars costs and disbursements, in all amounting to $21.90," the judgment not specifying for whose use the recovery is had. From this judgment the defendant appeals.

*Thompson & Manwaring*, for appellant.

*Marsh & Searles*, for respondent.

GILFILLAN, C. J.   The existence of school-district No. 10 is not artificially pleaded in the complaint; but, under the decisions in *County of Redwood* v. *Tower*, 28 Minn. 45; *La Grange Mill Co.* v. *Bennewitz*, Id. 62; *Folsom* v. *County of Chisago*, Id. 324; *Johnson* v. *Rumsey*, Id. 531; and *Coolbaugh* v. *Roemer*, 30 Minn. 424, relaxing in some degree the strictness formerly enforced, it is sufficient on that point. There can be no question that the pleader intended to rely upon the fact as part of the cause of action; the facts stated cannot. be true unless there was such a district, and no contrary inference can be drawn from such facts. The facts stated assume and include the fact that there was such a district.

From the allegation that there was a regular meeting of the district in the fall of 1881, at which "the voters of said district, being then. and there duly assembled," voted, etc., it will be presumed that the meeting was valid, and was properly composed, including the requisite number of voters.

The neglect and refusal of defendant, clerk of the district and one of the trustees, to maintain the school for the length of time voted at,

the meeting, rendered him liable to the penalty imposed by Gen. St. 1878, *c.* 36, § 86, as amended by Laws 1879, *c.* 41. The meeting had voted to raise the necessary means by tax, the tax was levied and collected, and the funds presumptively in the district or county treasury applicable to the expenses of the school. It was the duty of the trustees to provide the school for the time voted, (*c.* 36, § 24,) unless they were unable to do so. Defendant could have avoided liability, so far as he was concerned, by showing that he endeavored to carry out the will of the meeting, but was unable to do so, either from the refusal of the other trustees or some other cause. No such excuse appears.

The penalty prescribed by section 86, as amended, is "to the use of said district," and the action "to be prosecuted by the director of said district, or by any freeholder in said district." Must it be in the name of the district, or may it be in the name of the director or freeholder?

Where an action for a penalty, under chapter 36, is prosecuted by the county attorney, it must, under section 93, be "in the name and for the use of the proper county or district." Section 86 does not require this, nor, perhaps, permit it. And there is a good reason for the difference. The county attorney, it is to be presumed, will not bring the action except in a proper case and on probable cause. There can be no assurance of this where an action is brought on his own responsibility by a director or freeholder. Under section 93, the district will be liable for the costs of an unsuccessful suit. The legislature, doubtless, thought it inexpedient to permit a director or freeholder to subject the district to costs by bringing a suit at his pleasure in the name of the district, and, for that reason, section 86 contemplates that the action authorized by it, though the cause of action be in the district, shall be prosecuted in its behalf by the person mentioned, in his own name. A general demurrer raises only the question whether the district has a cause of action for the penalty. The question that the person prosecuting the action has not legal capacity to sue upon it, as that he is not a freeholder, cannot be so raised, for it does not go to the cause of action.

Judgment affirmed.