D. T. CHAMBERLAIN, Administrator, *vs.* JOHN TINER.

January 11, 1884.

| 31 | 371 |
| 58 | 564 |
| 31 | 371 |
| f81 | 326 |

**Pleading—Appointment of Adm'r.**—The allegations of the complaint as to the appointment of plaintiff as administrator considered, and *held* sufficient.

**Same—Promise to pay Money.**—A promise to pay money, no time being expressed, is deemed in law a promise to pay on demand. It is sufficient to plead such a promise as made, without pleading the construction which the law places upon it by alleging a promise to pay on demand.

Appeal by defendant from an order of the district court for Dakota county, *Crosby*, J., presiding, overruling a general demurrer to the complaint.

*O'Brien & Wilson* and *A. Schaller*, for appellant.

*Wm. Hodgson*, for respondent.

MITCHELL, J. Action for money "advanced, delivered, and paid" to defendant by plaintiff's intestate. The material allegations of the complaint are "that said George Varian died intestate, in Dakota county, on the 17th of May, 1882, and that on the 20th of November, 1882, the plaintiff was, by the judge of probate of said Dakota county, duly appointed administrator of the estate of said George Varian, and thereupon the plaintiff duly qualified as such administrator, and ever since has been, and now is, the duly qualified and acting administrator .of said estate;" that during his lifetime, and about the month of March, 1882, said Varian advanced, delivered, and paid to defendant the sum of $1,471, "which sum defendant agreed to repay to said George Varian;" that defendant has ever since kept and detained, and still keeps, said money; that plaintiff, as administrator of said estate, has demanded payment, but that defendant refused and still refuses to pay the same, or any part thereof. Two objections are made to the sufficiency of this complaint: *First,* that it does not sufficiently allege plaintiff's appointment as administrator; *second,* that it does not allege when this money became due and payable.

1. It is not now necessary, as formerly, to make profert of letters testamentary or of administration. But it is necessary for a plaintiff who sues as executor or administrator to allege in a direct and issuable form that he is such. This properly should be done by alleging that he is executor or administrator by virtue of letters issued by a probate court of some county, giving the name of the court and the term at which the letters were granted. Hence, in this case, the better mode of pleading the fact that plaintiff was administrator would have been by direct allegation that letters were issued. But no form of words is absolutely essential to show plaintiff's authority. A complaint is not demurrable if the fact appears substantially. In this case we think it does. Bliss, Code Pl. § 264, and cases cited.

2. A promise to pay money, no time being expressed, is a promise to pay on demand. That is fixed by law. In such a case it is sufficient to plead the promise as made. It is not necessary to plead the construction which the law places on it by expressly alleging a promise to pay on demand. 2 Parsons on Contracts, 550, 551; *Warren* v. *Wheeler*, 8 Met. 97; *Thompson* v. *Ketcham*, 8 John. 146; *Peets* v. *Bratt*, 6 Barb. 662. The demurrer was therefore properly overruled.

Order affirmed.