CLARA E. PERKINS *vs.* M. D. MERRILL and wife.

May 25, 1887.

Complaint *held* sufficient to show plaintiff's title to the note sued on.

Appeal by defendants from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint. After alleging the making of a note by the defendants payable to the order of Phœbe ·S. Cushing, the complaint alleges "that said Phœbe S. Cushing is dead; that she died on the 18th day of April, 1883; that said note was set over and assigned to said plaintiff, Clara E. Perkins, by the executor of said Phœbe S. Cushing's estate, on the 4th day of October, 1883; that said Clara E. Perkins is now the owner and holder of said note as heir of said Phœbe S. Cushing." The complaint also shows that the note is past due and unpaid.

*Leavitt K. Merrill* and *Francis E. Baker*, for appellants.

*I. W. Arnold*, for respondent.

VANDERBURGH, J. The defendant interposes a general demurrer to the complaint, on the ground that it fails to show plaintiff's ownership of the note sued on. The note is payable to the order of Phœbe S. Cushing, and the complaint sets up the fact of her death, and that the note was subsequently transferred and assigned by her executor to the plaintiff, and that the plaintiff holds and owns the note as her heir. The substance and meaning of the allegations apparently are that the plaintiff has acquired title to the note as a distributee of the estate of the deceased, through her executor. Where the objection is that the plaintiff has no legal capacity to sue, more particularity is required in setting out the facts showing the appointment of an executor or administrator. Bliss, Code Pl. § 408; *Chamberlain* v. *Tiner*, 31 Minn. 371, (18 N. W. Rep. 97.) But such is not the objection here, and we are inclined to the opinion that, under the liberal practice of the courts as respects allegations of title, when the defendant resorts to a demurrer for insufficiency, instead of a special motion to correct the pleading, the complaint may be held sufficient; that is, it

shows title, though loosely. *Soule* v. *Thelander*, 31 Minn. 227, (17 N. W. Rep. 373;) *La Grange Mill Co.* v. *Bennewitz*, 28 Minn. 62, (9 N. W. Rep. 80;) Bliss, Code Pl. §§ 233–213; *Nelson* v. *Eaton*, 15 How. Pr. 305; *Phelps* v. *Ferguson*, 9 Abb. Pr. 206.

The complaint is not to be commended, but the defendant can plead to it without embarrassment, and is not prejudiced by the careless and inartificial manner in which the allegations are made.

Order affirmed.