D. C. CAMPBELL *et al. vs.* J. A. WORMAN.

Argued Oct. 16, 1894. Modified Oct. 26, 1894.

No. 8633.

## Complaint sufficient after judgment.

*Held* that, as against objections raised for the first time after judgment, the complaint stated a cause of action.

## Stipulation in a note for attorneys fees for its collection.

Where a note contains a stipulation for the payment of a specified sum as attorneys' fees for collection in case the note is not paid at maturity, there can be a recovery only to the extent of the reasonable value of the attorneys' services actually performed or to be performed, which must be determined by the court upon proof.

Appeal by defendant, J. A. Worman, from a judgment of the District Court of Hennepin County entered by the Clerk on default on August 17, 1893, for $3,446 damages and $9.37 costs.

The plaintiffs, D. C. Campbell, J. A. Campbell and G. P. Campbell, are partners doing banking business at Centerville, Iowa, under the name Campbell Banking Company. On March 15, 1893, the defendant gave them his note of which the following is a copy:

$3,100.                     Centerville, Iowa, March 15, 1893.

Ninety ——— after date, for value received I promise to pay to the order of the Campbell Banking Company in Centerville, Iowa, the sum of thirty one hundred dollars, with interest after maturity at the rate of seven per cent per annum, and if not paid by maturity I·further agree to pay ten per cent attorney's fees for collecting the same.

J. A. Worman.

Plaintiffs brought suit on this instrument, but omitted to state in the complaint when it was due or payable. They alleged that demand had been duly made, but defendant had not paid the note or any part of it and that plaintiffs had been compelled to place the same in the hands of attorneys for the purpose of suit and collection and have agreed to pay said attorneys for their services ten per cent on

the face of the note and they demanded judgment for $3,100 and interest from June 16, 1893, and for $310 and for costs and disbursements.

The summons and a copy of this complaint were served on defendant personally on July 22, 1893. He did not appear or answer and on August 17, 1893, judgment was entered by the clerk for the amounts claimed without any proofs being made or application to the court. Thereafter on the same day defendant appealed.

*Savage & Purdy,* for appellant.

This direct appeal from a judgment by default is taken under the authority of the case of *Reynolds* v. *La Crosse & M. P. Co.,* 10 Minn. 178, which adopts the reasoning and the conclusions of Chief Justice Emmett in *Babcock* v. *Sanborn,* 3 Minn. 141. See also *Kipp* v. *Fullerton,* 4 Minn. 473; *Skillman* v. *Greenwood,* 15 Minn. 102; *Grant* v. *Schmidt,* 22 Minn. 1; *Semrow* v. *Semrow,* 23 Minn. 214; *Dillon* v. *Porter,* 36 Minn. 341. Compare as to writ of error *Karns* v. *Kunkle,* 2 Minn. 313; *Kennedy* v. *Williams,* 11 Minn. 314.

The instrument described in this complaint is not a negotiable promissory note, because of the clause concerning attorney's fees. *Jones* v. *Radatz,* 27 Minn. 240; *Deering* v. *Thom,* 29 Minn. 120; *Johnston Harvester Co.* v. *Clark,* 30 Minn. 308; *P. P. Mast & Co.* v. *Matthews,* 30 Minn. 441.

No time of payment is stated or can be ascertained from the allegations of the complaint.

This being a non-negotiable instrument, and not set out in its terms or by copy in the complaint, a consideration must be fully stated. For value received is not enough. Bliss Code Plead., § 268; 1 Greenleaf Evidence, § 66; *Lansing* v. *McKillip,* 3 Caine 286; *Bailey* v. *Freeman,* 4 Johns. 280; *Prescott* v. *Hull,* 17 Johns. 284; *De Forest* v. *Frary,* 6 Cow. 151; *Spear* v. *Downing,* 34 Barb. 522, 12 Abb. Pr. 437; *Hendrick* v. *Seeley,* 6 Conn. 176; *Robinson* v. *Barbour,* 5 Blackf. 468.

The plaintiff is not entitled to the attorney's fees claimed in the complaint and included in the judgment. *White* v. *Iltis,* 24 Minn. 43.

The language here used (as in that case) provides for a so called "attorney's fee" without reference to the bringing of a suit. It is an agreement to allow as damages or penalty for failure to pay at maturity a certain rate per cent on the amount of the principal, in addition to lawful interest, and so differs from the cases of *Pinney* v. *Jorgenson*, 27 Minn. 26; *Jones* v. *Radatz*, 27 Minn. 240; *Johnston Harvester Co.* v. *Clark*, 30 Minn. 308; and *Harris Mfg. Co.* v. *Anfinson*, 31 Minn. 182, in which the fee is made to depend on the necessity of really employing an attorney to bring suit.

But even were this a legitimate provision for attorney's fees in case of actual suit brought, it could not be recovered without alleging and proving the reasonable value of the services for which they are allowed. *Johnston Harvester Co.* v. *Clark*, 30 Minn. 308; *Wyant* v. *Pottorff*, 37 Ind. 512; *Camp* v. *Randle*, 81 Ala. 240; *Huling* v. *Drexel*, 7 Watts, 126.

*Chamberlain & Anderson*, for respondent.

The right to stipulate for attorney's fees is settled in this state. *Johnston Harvester Co.* v. *Clark*, 30 Minn. 308; *Harris Mfg. Co.* v. *Anfinson*, 31 Minn. 182, whatever may be said of the soundness of the conclusion, in the case of *White* v. *Iltis*, 24 Minn. 43.

*Johnston Harvester Co.* v. *Clark*, 30 Minn. 308, and perchance the other cases cited by the counsel for appellant hold that it is necessary to prove the reasonable value of the services rendered. But in those cases issue had been joined and the defendant was in court. Hence, they are not in point where the defendant has not appeared or answered and the action is on a contract for the payment of money only. In such a case the statute has provided for entry of judgment without evidence.

It is immaterial whether the note was negotiable or not, for the only question is, was there sufficient allegation of consideration.

MITCHELL, J. Upon appeal from a judgment entered by the clerk of the court upon default of answer, the defendant makes the point that the complaint does not state a cause of action. We shall consider the appeal on the merits, for the reason that the plaintiffs do not raise the point that application should have been first made to the

court in which the judgment was entered; but we do not wish the case to be considered a precedent for entertaining such appeals. See *Bank of Commerce* v. *Smith*, 57 Minn. 374 (59 N. W. 311.) The complaint is no credit to its author; but as against objections raised for the first time after judgment, when every reasonable intendment in favor of the pleading must be indulged in, we think it must be held that it states a cause of action for the amount of the principal and interest of the instrument sued on.

The complaint must be construed as setting up an instrument payable presently, or at least on demand, no time of payment being specified. *Libby* v. *Mikelborg*, 28 Minn. 38, (8 N. W. 903;) *Chamberlain* v. *Tiner*, 31 Minn. 371, (18 N. W. 97.)

An agreement or promise to pay by the party who executed the instrument is also sufficiently alleged. And even assuming that the words "for value received" are to be construed as the allegation of the pleader, and not the language of the instrument, we think it should be held a sufficient allegation of a consideration for the promise, as against an objection made now for the first time.

The only remaining question is whether the complaint states a cause of action for the $310 attorneys' fees included in the judgment. The allegations of the pleading are that by the terms of the instrument the defendant further agreed, if the note was not paid at maturity, to pay ten per cent additional, attorneys' fees for collecting said note; that it was not paid at maturity; that plaintiffs have been compelled to place it in the hands of attorneys for the purpose of suit and collection, and have agreed to pay said attorneys, for their services, ten per cent. on the face of the note ($3,100). Stipulations in instruments for the payment of money for attorneys' fees or costs of collection in excess of taxable costs are so liable to abuse that many courts hold them to be absolutely void on grounds of public policy. This court holds that they are not in themselves void; that they are valid as agreements to indemnify the payees for such liabilities as they may be necessarily and reasonably compelled to incur for attorneys' fees in case they are compelled, on default of the makers, to collect by suit. But we have held that the stipulated attorneys' fees are no part of the original debt; that the right to them does not accrue until the payee incurs the liability, and then only to the extent of the reasonable value of the attorneys' services actually performed

or to be performed, which must be proved. *Pinney* v. *Jorgenson,* 27 Minn. 26, (6 N. W. 376;) *Johnston Harvester Co.* v. *Clark,* 30 Minn. 308, (15 N. W. 252.)

It is only upon this theory that such stipulations can be sustained at all, for, if they are not mere agreements to indemnify for expenses actually or reasonably made, they would be merely penal and hence void.

The full amount for which the maker is liable on such stipulations is not really due when suit is brought, for the services of the attorney are not then fully performed. Hence we hold that a recovery on such stipulations can only be had upon application to the court, and upon proof of the reasonableness and value of the attorneys' fees; and thereupon the court may fix the amount to be allowed at such sum, not exceeding the amount stipulated, as it shall deem reasonable and just, and the amount so fixed may be included in the judgment, the same as any other disbursement in the action.

We think that this rule is not only correct on principle, but is also the only one that will prevent injustice and unconscionable extortion.

In the present case there is neither allegation nor proof of the value of the attorneys' services. Neither was there any application to the court to fix the amount, but the stipulation was declared on as if it was an absolute agreement to pay $310 in case suit was brought, without regard to the extent or value of the attorneys' services.

Judgment modified by deducting therefrom $310 as of the date of its rendition.

(Opinion published 60 N. W. 66S.)