(77 South. 718)
DUNCAN v. LUM et al.  (6 Div. 403.)

(Supreme Court of Alabama.  Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. BANKRUPTCY ☞279—UNLAWFUL PREFERENCES—CREDITORS' BILLS.
A bill on behalf of creditors by a trustee in bankruptcy to enforce a constructive trust in real estate held by the debtor's wife may be maintained, despite the fact that there is only one creditor entitled to the benefit of the suit.

2. FRAUDS, STATUTE OF ☞27 — DEBT OF THIRD PARTY — ACCOMMODATION INDORSEMENTS.
A note indorsed by a bankrupt and signed by the corporation of which he was president is not invalid under the statute of frauds as being a promise to answer for the default of the corporation, and containing no written statement of the consideration therefor; the statute not being applicable to an accommodation indorsement or to any former written guaranty made upon a note or contract before it becomes effective by delivery to the payee.

3. CORPORATIONS ☞617(2)—EFFECT OF DISSOLUTION—PERSONAL OBLIGATION.
Where a bankrupt indorsed the notes of a corporation and renewed his liability by successive indorsements on renewal notes, the notes were binding against him personally, notwithstanding that the corporation was subsequently dissolved; the renewal being merely that of his personal obligation.

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Suit by Charles K. Duncan, trustee, against Carrie F. Lum and others. Decree for defendants, and plaintiff appeals. Reversed and rendered.

Winkler & Smith, of Birmingham, for appellant. Weatherly, Deedmeyer & Birch, of Birmingham (A. Latady and R. J. McClure, both of Birmingham, of counsel), for appellees.

SOMERVILLE, J. The bill is filed by a trustee in bankruptcy to enforce a constructive trust in certain real estate owned by the bankrupt's wife, the allegation being that a part of the purchase money therefor, and much valuable improvement, were paid for with the bankrupt's money as a mere gift to the wife, while he was indebted to the American Trust & Savings Bank, and that $1,000 of that original debt still remains. The appeal is by the complainant trustee from a decree denying relief and dismissing the bill of complaint. The bill shows that in October, 1905, the bankrupt, Lum, became indebted to said bank for his indorsement of a promissory note executed by the Lum Machine & Supply Company, and thereafter delivered to said bank as payee. The evidence shows without dispute that Lum, as president of the machine company, applied to the bank for a loan for his company, which the bank agreed to make upon Lum's personal indorsement of the paper. The note was then made to the bank as payee, signed by the machine company, indorsed on the back by Lum, and discounted by the bank in the usual way, the proceeds being credited to the account of the machine company. This note has been continuously renewed, always with Lum's personal indorsement. Of the original consideration, $1,000 remains unpaid, together with $2,700 incorporated in the note about 1910. Lum gave to his wife, during the year 1906, about $14,000, of which $700 was applied on a purchase-money note for the lot, and about $11,000 was put in permanent improvements thereon. The bill does not charge a fraudulent intent as to subsequent creditors, on the part of Lum, and the American Trust & Savings Bank is the only creditor as to whom the bankrupt's gifts to his wife are alleged to be fraudulent and void because voluntary.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Respondents insist that the bill cannot be maintained by the trustee for the benefit of a single creditor. The bill is, however, filed generally for the benefit of all creditors who may be entitled to impeach the bankrupt's gifts to his wife. It is enough if one creditor is so entitled, and it is immaterial that there are other creditors who are not. This was expressly decided in Cartwright v. West, 185 Ala. 41, 64 South. 293.

The respondents defend the propriety of the dismissal of the bill upon two grounds: First, the bankrupt's indorsement of the original and renewal notes was not binding upon him, because it was a promise to answer for the debt or default of the machine company, and contained no written statement of the consideration therefor, as required by the statute of frauds; and, second, the original debt was discharged by the renewal notes, and the last renewal note (here counted on) was not a subsisting debt when the gifts in question were made. These contentions are without merit.

[2] 1. The statute of frauds has no application to an accommodation indorsement, nor to any form of written guaranty, made upon a note or contract before it becomes effective by delivery to the payee or obligee. Carter v. Odom, 121 Ala. 162, 25 South. 774; Dilworth v. Holmes Co., 183 Ala. 608, 62 South. 812. In the instant case, the "contract of indorsement was not a collateral promise to answer [for] the debt, default, or miscarriage of the maker, but was an original substantial contract, founded on a present valuable consideration moving from the payee to the maker." Carter v. Odom, supra, and cases therein cited. The case of Hood v. Robbins, 98 Ala. 484, 13 South. 574, relied upon by appellees, applies the statute of frauds to an accommodation indorsement made after the delivery of the note to the payee, and is in perfect accord with Carter v. Odom, supra.

[3] 2. The bankrupt, Lum, having once become liable on the machine company's note, renewed that liability by each successive indorsement of the renewal notes, and it was obviously of no consequence that the machine company was dissolved as a corporation in 1910, and thereafter did business under the same name as a partnership; for, as an original obligor, Lum was merely renewing his own original obligation.

Complainant's right to relief is not dependent on the intention of Lum in making the gifts to his wife, nor upon his insolvency at that time. Seals v. Robinson, 75 Ala. 363, 369.

On the undisputed facts of the case, the complainant trustee is entitled to the relief prayed for, and the lot in question must be subjected to the satisfaction of the claim of the American Trust & Savings Bank to the extent of $1,000 and accrued interest.

Let the decree of the chancery court be re-versed, and a decree here rendered accordingly.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.