(101 So. 75)

## FIRST NAT. BANK OF UNION SPRINGS v. BLUE. (4 Div. 905.)

(Court of Appeals of Alabama. June 10, 1924. Rehearing Denied June 24, 1924.)

1. Bills and notes ⟨key⟩129(3), 395 — Demand note due on delivery; suit may be brought on demand note any time after delivery.

A note payable on demand is due upon delivery or immediately thereafter, and suit may be maintained thereon at any time after delivery without further notice or demand.

2. Limitation of actions ⟨key⟩48(2) — Statute runs in favor of demand note from time of delivery.

The statute of limitations begins to run in favor of a demand note from time of its delivery.

3. Pledges ⟨key⟩56(4) — No contractual duty breached by sale of cotton pledged as collateral security without notice.

No contractual duty was breached by sale without notice of cotton pledged as collateral security for a demand note, where cotton was the property of pledgee at time note was given, and at time sale was made, by virtue of mortgages, and note authorized sale at public or private sale, with or without notice.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action for damages for breach of contract by J. H. Blue against the First National Bank of Union Springs. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Blue & Blue, of Union Springs, and James J. Mayfield, of Montgomery, for appellant.

An instrument payable upon demand becomes payable on delivery. 3 R. C. L. 1211; 81 Cal. 631, 22 Pac. 876, 15 Am. St. Rep. 88; Rice (S. C.) 245, 33 Am. Dec. 111; 123 Ind. 513, 24 N. E. 346, 18 Am. St. Rep. 345; 10 Ohio St. 88, 75 Am. Dec. 498; 74 Wis. 355, 43 N. W. 149, 5 L. R. A. 533, 17 Am. St. Rep. 168. The mortgagee holds the legal title and the right to immediate possession, unless otherwise provided in the mortgage. Fields v. Clayton, 117 Ala. 538, 23 South. 530, 67 Am. St. Rep. 189; Maxwell v. Moore, 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190. A warehouse receipt stands in lieu of the goods. Code 1907, § 6135; People's Sav. Bank v. Huttig Mfg. Co., 1 Ala. App. 394, 55 South. 929; 21 R. C. L. 687. The debtor may waive demand to redeem and notice of sale. 21 R. C. L. 691; 96 U. S. 611, 24 L. Ed. 855; 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38;

3 Okl. 204, 41 Pac. 623, 32 L. R. A. 42; Carson v. Iowa City Co., 80 Iowa, 645, 45 N. W. 1068; Ardmore Bank v. Mason, 30 Okl. 568, 120 Pac. 1080,,39 L. R. A. (N. S.) 292.

George W. Andrews, of Union Springs, for appellee.

Demand should have been made upon the maker before sale of the collateral. Code 1907, § 3303; Smith v. Shipper's Oil Co., 120 La. 640, 45 South. 533; Jones on Collateral Security, § 553.

BRICKEN, P. J. The case made by the record is as follows: Appellee sued appellant bank in the circuit court of Bullock county. The complaint consisted of three counts. The first was trover; the second was a common count for money had and received; the third was a special count claiming damages for breach of a contract. The alleged contract was a promissory note executed by the plaintiff to the defendant bank on the 23d day of April, 1921, for $400. The note was payable on demand. At the bottom of the note was the following:

" * * * Having deposited with them as collateral security W. H. Rcts. for 9 B. C. (with authority to sell the same at public or private sale, or otherwise, at their option, on the nonperformance of this premise and without notice)."

The third count concludes as follows:

"Wherefore plaintiff alleges that he was damaged by the act of said defendant in selling his said cotton in the sum of one thousand dollars ($1,000.00). Wherefore this suit."

While this count does not set out specifically or clearly the alleged breach, it is evident from the record that the alleged breach was the selling by the defendant of the nine bales of cotton without notice to the plaintiff.

The trial was had on the general issue, and resulted in a verdict and judgment for the plaintiff under the third count for $424.21, from which judgment the defendant bank prosecutes this appeal.

Only two errors are assigned: First, the refusal of the trial court to give the general affirmative charge for the defendant; second, that the trial court erred in allowing the plaintiff to introduce testimony as to the price of cotton during the month of September, 1921.

We are of the opinion that the plaintiff showed no right to recover damages of the defendant under any count of the complaint. The verdict, specifying that it is for the plaintiff as for the third count of the complaint, of course was tantamount to a verdict for the defendant under the other two counts. We are unable to find from this record any breach by the defendant of any contract between it and the plaintiff, or of any duty growing out of a contract between it and the plaintiff, without which proof, of course, the plaintiff could not recover under the third count of the complaint.

The evidence wholly fails to show any contractual obligation or duty on the part of the defendant to the plaintiff which was breached by a sale of the nine bales of cotton in question without notice of such sale being given in advance to the plaintiff, which is the whole theory of plaintiff's cause of action. There is no proof of any promise, written or oral, made by the defendant to the plaintiff, which was breached, nor were any facts proven which showed any duty, contractual or otherwise, resting upon the defendant to notify plaintiff of the sale of the nine bales of cotton in question.

[1, 2] The note referred to, which is claimed to be the contract that was breached, was not signed by the defendant, of course, it being a mere promissory note by the plaintiff to the defendant. The note by its terms was payable on demand, and therefore was due upon delivery, or immediately after delivery. The law is well settled that suit may be brought upon a demand note at any time after delivery, without further notice or demand; that the statute of limitation begins to run in favor of a demand note from the time of its delivery; and that the holder of such note may sue the maker without further notice. O'Neil v. Magner, 81 Cal. 631, 22 Pac. 876, 15 Am. St. Rep. 88; Pringle v. Dunkley, 14 Smedes & M. (Miss.) 16, 53 Am. Dec. 111; Kraft v. Thomas, 123 Ind. 513, 24 N. E. 346, 18 Am. St. Rep. 345; Lewis v. Tipton, 10 Ohio St. 88, 75 Am. Dec. 498; 3 R. C. L. 1211; Turner v. Iron Chief Min. Co., 74 Wis. 355, 43 N. W. 149, 5 L. R. A. 533, and note, 17 Am. St. Rep. 168.

[3] It is shown by the evidence without dispute that the nine bales of cotton in question were the property of the defendant at the time the note was given, and at the time the sale was made, it holding both the legal title and the possession, with a right to sell at public or private sale, with or without notice. This authority was expressed, both in the mortgages by which the title passed from the plaintiff to the defendant, and also by the note or contract in question. Consequently, the nine bales of cotton were really not a pledge in the usual sense and form, that is, where the title to the pledge is in the pledgor. Here the title was in the pledgee, and the right to the possession and the right to sell was in the pledgee, independent of the note or pledge in question. Moreover, the note expressly authorized the defendant to sell the cotton at its option and without notice. Therefore the case cannot be controlled by the statute or common law relative to ordinary pledges. But, even if it was controlled by the common law or statute, there was an express waiver in this case

of any right on the part of the pledgee to have notice of the sale.

The case of Smith v. Shippers' Oil Co., 120 La. 640, 45 South. 533, cited by appellee, plaintiff below, is neither apt nor controlling in this case. In that case the contract or pledge expressly provided that the pledgee might call for additional security, and that, if the pledgor declined to furnish it, then, and not until then, did the obligation secured by the pledge become due and payable on demand. In that case the property belonged to the pledgor, and not to the pledgee. The obligation or debt secured was not merely payable on demand.

Counsel for appellee, plaintiff below, insist that the mortgages which passed the legal title to the defendant had been paid before the execution of the note in question, and that the title to the cotton reverted to the mortgagor. In this contention counsel for plaintiff are in error. The record shows that the mortgages, by which the title to this property passed from the mortgagor to the mortgagee, were not paid before the execution of the note or contract in question. The record shows that the debts secured by the mortgage were extended and renewed by executing new notes and additional mortgages; but they were not in satisfaction or payment of the original mortgage. The record shows that new notes and mortgages were given merely to evidence the extension of the time of payment of the balance due on the original note and mortgage. The note or contract here in question, as we have before stated, expressly authorized the defendant to sell the nine bales of cotton at its option, and without notice to the plaintiff.

It is conceded by counsel for the plaintiff that the title to the nine bales of cotton did pass by virtue of the mortgage from the plaintiff to the defendant; but there is no evidence to show that the title ever reverted or passed back to the plaintiff or mortgagor. The evidence shows that the title remained in the defendant or mortgagee until the cotton was sold. The plaintiff, appellee here, is shown to have had no right, title, claim, or demand to the cotton in question, other than the right of redemption; that is, by payment of the mortgage debt. And the record shows that the mortgage debt was not paid until long after the sale of the cotton.

Moreover, there is no evidence in the record to show that the plaintiff ever offered to pay the note referred to, or that he ever requested the defendant not to sell the cotton. Nor is there any evidence in the record to show any breach of contract or duty owing by the defendant to the plaintiff; and without such proof, of course, the plaintiff had no right to recover.

It therefore results that the trial court should have given the general affirmative charge, as requested by defendant, as to the third count of the complaint.

Reversed and remanded.