152 So. 34

**FALKNER v. PROTECTIVE LIFE INS. CO.**

6 Div. 448.

Supreme Court of Alabama

Jan. 11, 1934.

58

J. A. Estes, of Bessemer, for appellant.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

FOSTER, Justice.

This is an action by the payee against an irregular indorser of a promissory note. The question is the sufficiency of the complaint as tested by demurrer.

It is first urged that it is insufficient because it does not state the maturity of the note. But there seems to be a rule of pleading in that respect that, when the complaint does not allege when the note matured, but simply avers that on a certain day one executed a note by which he promised to pay plaintiff a certain sum, it will be construed to mean that no day was fixed for its payment, and therefore it was due on demand. Bolling v. McKenzie, 89 Ala. 470, 7 So. 658; Libby v. Mikelborg, 28 Minn. 38, 8 N. W. 903; Chamberlain v. Tiner, 31 Minn. 371, 18 N. W. 97; Section 9035, Code.

It is then due immediately after delivery. First National Bank v. Blue, 20 Ala. App. 107, 101 So. 75.

The complaint contains averments leading up to the allegation of a credit of $460.70. Those allegations are very meager and indefinite and not sufficient to add materially to other averments in respect to the maturity of the note sued on. It refers to a clause in a mortgage alleged to secure that note, and apparently others, which provides that, if default is made in the payment of the debt or any part of it, the holder has the right to declare the entire indebtedness due and payable (and such indebtedness included the note in suit). It then alleged the occurrence of such default and a foreclosure of the mortgage resulting in a credit of $460.70 on this note.

As we construe those averments, they are not inconsistent with the presumption that the note in suit had no date of maturity, but was payable on demand. While the form of the complaint has little to commend it, our rules of pleading are so informal we hesitate to strike it down for the claim that it does not show the date of maturity. In so far as they are alleged to show a credit, they are unnecessary, as no detail of averment is required for that purpose.

A "promissory note" and an "indorsement" import a writing. Section 9202, Code. So that all the qualities of a negotiable instrument are alleged, to wit, a written instrument signed by the maker; an unconditional promise to pay a certain sum in money on demand, to the order of plaintiff. Section 9029, Code.

In order to state an action in due form against an indorser, it is necessary to allege the existence of the conditions of his liability or their waiver or a legal excuse for their nonobservance. Mims v. Central Bank, 2 Ala. 294; McDougald v. Rutherford, 30 Ala. 253; Cook v. Mutual Ins. Co., 53 Ala. 37; Brown v. Fowler, 133 Ala. 310, 32 So. 584; Battle v. Weems, 44 Ala. 105; Mobile Savs. Bank v. McDonnell, 83 Ala. 595, 4 So. 346; 1 C. J. 981, § 82; 8 C. J. 906, § 1190.

If the instrument is negotiable, the requirements are stated in section 9092, Code. If nonnegotiable, in section 9226, Code.

The complaint here alleges that defendant's contract of indorsement waived those requirements. Sections 9108, 9131; Fisher v. Price, 37 Ala. 407; 8 C. J. 702, 906; Shows v. Jackson, 215 Ala. 256, 110 So. 273; Little v. People's Bank, 209 Ala. 620, 96 So. 763; Long v. Gwin, 188 Ala. 196, 66 So. 88; 8 C. J. 59, § 74, p. 74, § 118; section 9229, Code; Carter v. Long, 125 Ala. 280, 28 So. 74.

An indorsement of a promissory note, though irregular, is prima facie evidence of a valuable consideration, though it may be disputed by the defendant who has the burden to plead and prove an absence of consideration. When an indorsement is executed at the time of or before the execution of the note, the consideration for the note is a sufficient consideration for the indorsement. Section 9090, Code.

The complaint need not allege a consideration, for it is implied from the indorsement, which is not required by the statute of frauds (Code 1923 § 8034) to express the consideration, since it is an original undertaking and not a promise to pay the debt of another. Brown v. Fowler, supra; Carter v. Odom, 121 Ala. 162, 25 So. 774; Duncan v. Lum, 201 Ala. 192, 77 So. 718.

The result is that we agree with the circuit court that the demurrer to the complaint on the grounds here argued do not show that it should have been sustained, and its judgment setting aside a former ruling sustaining those demurrers is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.