# CHISHOLM WATER SUPPLY COMPANY v. CITY OF CHISHOLM.[1]

September 1, 1939.

No. 32,275.

*Frank M. Talus,* City Attorney, and *George H. Spear,* for appellant.

*Naughtin & Henley,* for respondent.

PER CURIAM.

In an action brought by plaintiff against the city of Chisholm to recover for water furnished the city for the ten months preceding September 1, 1937, under a written contract, plaintiff prevailed. The trial was to the court, and findings of fact and conclusions of law were made awarding recovery for the full amount asked. Defendant moved for amended findings of fact and conclusions of law or a new trial. The motion was denied, except that additional facts were found which had no effect upon the conclusions of law. On appeal to this court the decision was affirmed. 205 Minn. 245, 285 N. W. 895. Thereafter this action was brought to recover for the water supplied the defendant under the same contract for the nine months after September 1, 1937. The issues presented by the complaint were the same as in the first mentioned action, except that it was for water furnished for a subsequent period. Defendant

[1]Reported in 287 N. W. 493.

answered and plaintiff replied. Thereupon plaintiff moved for judgment on the pleadings. In the motion plaintiff added a paragraph to the reply pleading *res adjudicata* by the decision in the former case. The motion was granted, and defendant appeals from the judgment entered pursuant to the order. Plaintiff now moves to dismiss the appeal on the ground that it is frivolous and taken only for delay.

Defendant in opposition to the motion does not intimate an intention again to raise any issue as to the binding validity of the contract under which the water was furnished or to dispute the quantity furnished for the nine months in question. The only thing that the attorneys for defendant suggest as an excuse for the appeal is the award of attorney's fees included in the judgment. The ten per cent attorney's fees stipulated in the contract to be paid if any action was started for the recovery of payments in default, computed on the amount of recovery, were claimed and awarded in the first case mentioned. In that appeal (205 Minn. 245, 285 N. W. 895) no error was assigned as to the allowance of such attorney's fees. Nor apparently was any issue made at the trial or in the motion for new trial that such attorney's fees could not be awarded upon that record. The record therein shows no evidence was offered or introduced in respect to the reasonable value of such fees in that case. Defendant's contention on this motion is that an appeal will not be dismissed as frivolous unless it is perfectly apparent, without argument, that it is such. Johnson v. St. Paul City Ry. Co. 68 Minn. 408, 71 N. W. 619; 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 462. Then we are cited to Johnston Harvester Co. v. Clark, 30 Minn. 308, 15 N. W. 252; Campbell v. Worman, 58 Minn. 561, 60 N. W. 668. These and other decisions sustain the legality of contract provisions for attorney's fees in case of suits, but construe them as agreements to indemnify for the reasonable value of services rendered by the attorney employed, which requires evidence to be taken. Of course, where judgment on the pleadings is granted, no evidence is taken. On the other hand, we have statutory provisions for attorney's fees as in the foreclosure of mortgages and mechanics' liens and divorce actions where it is held that the trial court can

award attorney's fees without evidence as to the reasonable value of the services rendered. Kingsley v. Anderson (on rehearing) 103 Minn. 512, 116 N. W. 112; Vanderburgh v. Vanderburgh, 152 Minn. 189, 188 N. W. 276. In this situation we cannot dismiss the appeal as frivolous. That defendant in the first case did not attack plaintiff's right to the stipulated attorney's fees can hardly be held to preclude it from contesting the amount thereof in this subsequent action to recover for water subsequently furnished.

We note that the answer is absent from the judgment roll, but have assumed that it raises the identical issues raised in the former suit, for the reply is identical with the reply therein except the added paragraph mentioned.

Motion to dismiss denied.