*67 QPINION of the Court, by
Ch. J.VBqYxe.
-This was an action upon a covenant to pay a negro hoy, abpye. ihe age of 10, and under 15, clear of any impediment, on or before the 20th of May next ensuing the date of the covenant. Amongst other pleas tiled by the defendant, were the following, vi?, •
"« 1st. That on the 20th of May next ensuing the date of the covenant, lie was #at his place of residence in Shelby county, during the whole of the day, repdy wi& a likely negro hoy between the ages, of 10 anti 15\ clear of any impediment, to pay and satisfy the plaintiff the demand in the declaration mentioned ; ami that the said plaintiff did not, nor did any person for .hip, attend-to receive said negro boy,
2d. That the said covenant was. given by the defendant to the plaintiff without , any consideration whatever.
3d. That the. said covenanj wgs merely voluntary'and without consideration.”
To.thetwp fprmer of these pleas the plaintiff demurred, and to tfie latter he replied that the said covenant was not merely voluntary ; to whichreplication, the defendant demurred. Tkeplgintiff’s demurrer to the .pleas, of the defendant was sustained, and the defendants demurrer to the plaintiff’s replication, overruled by the CQurthelow. Issues in fact being joined upon the other, pleas filyd ⅛ &e epuse, the jury found a verdict for the plaiptiff, and a judgment was thereupon entered : from ⅛⅛⅛1⅜ this appeal is prosecuted by the defendant
'Vé have no doubt that the court; below properly sustained the demurrer as to the first pjea above mentioned; jft evidently does not confoiyn to, the precedents contained in the books of forms. It alleges indeed a readiness tq pay the negro boy, but it does pot aver an offer to do ⅛.; whereas ⅜⅜ precedents of tender where the credi-¾⅜⅛⅜⅝⅛ ⅛⅜⅜⅛⅜ ⅞⅜⅞⅜⅞& ⅜⅝ ktegajáqn not only *68 that the debtor was ready, bat that he overea to perform, ''is contract. Nor, is such an allegation mere matter of-form, bat is an essential requisite to make the plea in. such a case good-; because without it, or some equiva-averment, it cannot appear that the debtor would have performed his agreement had the creditor been present:, for the debtor might be at the place appointed ⅜,. ⅛⅜. performance of bis contract, and r^ady to perform ⅛ and yet he might not be willing to do so.; or to other. words, he might be there, and have the means without having the intention to perform his contract. To manifest his willingness or intention to do so, spine overt act is necessaryj and there is none more appropriate for that purpose than that which is expressed by the averment of-an offer to perform his contract. We can therefore perceive no error in the court below adjudging this plea bad.
Jng ,.iie co iide *aáon oufh.t w condom-1« tbe ncftdés ■*mh a vevifi * ^“n t ‘*“n^,t ⅜»⅛>««*0»'*0⅛ gemrai demur-
The second plea above mentioned is one-of a description which upon much consideration was held good by this court in the case of Ralston and Sebastian vs. Bullitts (vol. 3,261).
The plaintiff has himself treated the third plea above mentioned, which alleges that the covenant, was merely voluntary, as good. But there is certainly no essential distinction between it and the former, The difference is not in sense or legal effect, but in the mode of expression only: for a bond or other instrument that is without any consideration, is merely voluntary ; and that which is merely voluntary, is without any consideration so that the two modes of expression are perfectly convertible, and convey precisely the same idea. The court below therefore erred to sustaining the demurrer to this plea.
With respect to the defendant’s demurrer to the plaintiff’s replication to the third plea above mentioned, we have no doubt that the court below properly overruled it. The demurrer is predicated upon a supposition that the replication should have Specially alleged the consideration upon which the covenant was founded. Rut to require this, would be giving to the statute authoris-; tog a defendant to impeach the consideration o£a bond or other tostrutíftnt under seal, a, more extensive effect than would comport with the intention of the legislature. Such an instrument, notwithstanding its consideration xnay be impeached, was evidently not intended to, be de« *69 prived of its quality of carrying with it presumptive evidence of being founded upon a consideration. But if when the Consideration is denied by a plea, the plaintiff were bouhd to reply specially the consideration, the effect o£the instrument as pránn/acre or presumptive evidence of a good consideration, would be destroyed': for though it niay carry with it a presumption of being founded upon a consideration in general, yet it could not consistently with the principles upon which all presumptions áre founded, be evidence of any particular consideration which might be alleged. An issue,, therefore,, joined upon such, a replication, by depriving the plaintiff bf the benefit of the presumption arising from the nature of the instrument, would, contrary to the plain intention of the statute, throw the, burthen of the proof in the first instance upon the plaintiff, instead of the defendant.
A plea denying the consideration of a bond or instrument under seal, ought perhaps regularly to conclude to’ the country, instead of with a verification. It is not indeed a traverse of any matter expressly alleged in the declaration, but it is a denial of that which is implied from the matter which is expressly alleged; and what ⅛ necessarily implied, is susceptible of being traversed, as well as that which is expressly alleged. But the conclusion with a verification, instead of concluding to the country, is not an available objection upon a general demurrer ; and most certainly, when the plea does so conclude, it cannot be improper for the plaintiff to reply generally and tender an issue to the country;
" We are therefore of opinion that the court below correctly overruled the demurrer to the plaintiff’s replication in this case. But as the second plea was sufficient, ánd the court below erred in sustaining the demuiger to it, the judgment must for that cause he reversed, and the plaintiff have leave to, withdraw his demurrer thereto and reply. The verdict, however, need not be set aside as to the issues which have been tried.
The judgment must be reversed with costs, and the fause remanded for new proceedings not inconsistent ’ffejth the foregojng opinion.