## PARKMAN & STRINGFELLOW v. ELY.

1. Upon an issue to a plea that a note was given without any consideration, the note is *prima facie* evidence of a consideration.

ERROR to the Tallapoosa Circuit Court.

Assumpsit by the defendants in error, againt the plaintiffs in error, on a promissory note. The defendants pleaded *non assumpsit*, and a special plea, that the note was given without any consideration. The plaintiff took issue on the first plea and replied to the second " that the note declared on was not given without any consideration." To this replication the defendant demurred, and the court overruled the demurrer.

On the trial of the issue, the plaintiff offered in evidence the note sued on, and rested his case, and this being all the evidence the defendant demurred to it, and the court rendered judgment on the demurrer for the plaintiff.

These matters are assigned for error.

HEYDENFELDT, for the plaintiff in error—cited, Gould on Plead. 344; 3 Ala. Rep. 316.

PECK, *contra*, was stopped by the court.

ORMOND, J.—No doubt whatever can be entertained that the demurrer to the evidence was properly sustained. The statute, [Aik. Dig. 283,] makes the instrument sued on evidence of the debt or duty, for which it was given, unless its execution is denied by a sworn plea.

It results necessarily from the statute above cited, that the replication to the plea of want of consideration, that there was a consideration, was sufficient. The effect of this plea was to put the con sideration of the note in issue, but by no form of pleading can the burden of proof be cast on the plaintiff, unless the execution of the note is denied by a sworn plea. To hold otherwise, would be to permit the defendant, by a slight alteration in the form of a plea, to defeat the purpose of the statute. The case cited from 3 Ala. Rep. 316, merely shows that a plea averring a want of consideration, is a good plea. The question of the *onus probandi* did not arise in that case.

This construction of the statute has been considered correct from the decision of the case of McMahon v. Crockett, [Minor's Rep. 362,] to the present time. To the same effect, is Boone v. Shackelford, [4 Bibb 67,] upon a statute analogous to ours.

Let the judgment be affirmed.