## RANKIN *vs.* BADGETT.

When a party undertakes by his plea, to impeach the consideration of a bond, on the ground of fraud, he will be held to proof thereof.
He must show that the bond was procured by fraud, or, that it was given without consideration.

THIS was an action of debt, determined in the Perry Circuit Court, at September term, 1843, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. McLain & Badgett sued Rankin on a writing obligatory, dated 3d March, 1835, for $141. At the return term, Oct., 1841, Rankin demurred to declaration—was sustained—and plaintiff amended. At the next term, Rankin filed two pleas; both of which were demurred out, and thereupon filed another plea, sworn to, denying any consideration for the bond, and that it was obtained

Rankin *vs.* Badgett.

from him by fraud and misrepresentation, concluding to the country. The death of McLain was then suggested, and the cause ordered to proceed in the name of Badgett. The case was tried by a jury and verdict for plaintiff for residue of debt. Rankin moved for a new trial. The motion was overruled, and he excepted, setting out the whole of the evidence. But one witness was examined, who proved Rankin's signature, and a payment by him of $50, towards the bond. The other evidence is not material. On the trial, Rankin moved the court, to instruct the jury, that it devolved upon the plaintiff to prove, under the state of pleadings, that there was good and sufficient consideration for the bond. That the jury must find for the defendant, unless from the evidence a good consideration was proved; both which instructions were refused, and Rankin excepted. Badgett moved for instructions, that the bond itself, was good evidence of its execution; that under the pleadings, the burden of proof was upon the defendant, and that he must either prove that the bond was procured by fraud, or was given without consideration. These instructions were given; to which Rankin excepted. The case came here by appeal.

*Cummins,* for plaintiff.

*Fowler,* contra.

*By the Court,* LACY, J. The circuit court properly refused to award a new trial. There is no error in the instructions given, or refused, to the jury. Under the state of pleading, the defendant took upon himself the burden of proof by impeaching the consideration of the bond, on the ground of fraud, and the court rightly held him to the issue. He was bound to show that the bond was procured by fraud, or was given without consideration. This he wholly failed to do, and the finding of the jury was fully warranted by the law and evidence.

New trial denied.