Mr. Justice Scott delivered the opinion of the Court. The action was debt upon a writing obligatory. The plea was that it “ was executed and delivered without any consideration whatever.” This was decided to be a good plea in Dickson vs. Burk, 1 Eng. R. 412, and this decision seems sustained by authority. Besides the Kentucky decisions cited in Dickson vs. Burk, the Alabama decisions are to the same effect. Gibs vs. Williams, use, &c., 3 Ala. R. 316. This form of pleading grows out of our statute, which enacts that “ any instrument or note in writing, whether the same be under seal or not, charged to have been executed by the other party, shall be received in evidence unless the party charged with having executed the same deny the execution of such writing by plea supported by the affidavit of the party pleading,” (Dig. 812, Sec. 103,) and it seems inevitably to throw the burden of proof on the defendant, as was held in Rankin vs. Badgett, 5 Ark. 345, and Greer as ad. v. George as adx., 3 Eng. 131, for if a note or bond is executed without any consideration, the plea must, of necessity, be in the negative, as it is not possible to plead or state affirmatively that which has no existence. Under the provisions of the statute above quoted, the note or bond being evidence until its execution, (not its consideration,) is denied by sworn plea, although a sworn plea of no consideration puts the consideration in issue, by no form of pleading can the burden of proof be cast upon the plaintiff until the execution of the instrument is denied by sworn plea, unless the plaintiff should think proper to reply a special consideration, and thus take the burden of proof on himself as to such special consideration, the bond or note being evidence of a valuable consideration, but not of any particular, special consideration. To hold otherwise, would be to permit the defendant, by a slight alteration in the form of the plea, to defeat the purposes of the statute. (McMahon vs. Crockett, Minor's Rep. 362. Parkman & Strongfellow vs. Ely, 5 Ala. 346. Giles as. Williams, 3 Ala. 316.) it is otherwise, however, as to the plea where failure of consideration or fraud is set up. The facts which constitute tire failure or fraud, being for the most part affirmative in their nature, must be set out in the plea, and thus lay a foundation for the burden of proof to be upon the defendant; besides the other reason that the bond or note is itself evidence of a valuable consideration until its execution shall be denied by sworn plea. The burden of proof being thus upon the defendant upon the plea of no consideration, it becomes indispensably necessary that the circumstances under which the note or bond was made, such as the contract between the parties, if any was made, and the inducement of the one party to make and the other to receive the bond or note, should all be shown to the jury; otherwise, it would be impossible to show that there was no consideration. Nor does this conflict with the well known doctrine of the law, correctly laid down by the counsel for the plaintiff, that “parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrumentnor with any of the cases cited by him, as .the evidence of these facts and circumstances is not admitted to contradict or vary a valid written contract, but to show that the instrument in question is in fact invalid for want of a consideration to support it. The law does not propose to change or vary the contract, but to inquire into its validity. Although it is a settled principle, both in the English and American courts, that parol evidence is not admissible to contradict, vary, or materially affect, by way of explanation, a contract in writing-, upon the ground that written evidence is of a higher grade than the mere verbal declaration of witnesses, and consequently where parties have agreed upon the terms of a contract which is afterwards reduced to writing, the verbal agreement is merged into the written contract, yet it has been often held as no violation of these doctrines, or, if so, in terms as well settled as these doctrines themselves, that although upon the face of an instrument in writing, the usual expression of consideration, such as “for value received,” may be found, yet that the maker may show, as against the payee or other person standing in the same situation, that the note or bond was given without consideration, or that the consideration has failed, or that fraud in respect to it was practiced upon him by the other party, and under some circumstances that the consideration was illegal. The American cases to this point are collected by the learned annotations upon Phillips’ Evidence. Cow. & Hill’s Ed. 3 vol., 1458-9. The question of admissibility then having been disposed of, it remains but to ascertain whether the testimony presented in the bill of exceptions, sustains the finding of the Court sitting as a jury in favor of the defendant upon his plea of no consideration. The evidence, when taken altogether, shows that the defendant was informed by the plaintiff that he had some money in the hands of his (defendant’s) brother, in the State of Georgia, and that the plaintiff purchased from him and paid for his right and title to this money, but took the chance of realizing his purchase at his own risk, and that the note sued on in this action was given by the defendant to the plaintiff as a means only to enable the plaintiff to realize the money in Georgia, the right and title to which he had so purchased and paid for. Clearly the purchase and sale of the money in Georgia was the moving cause of the execution oí the note, and, having sold the right and title to this money, and received pay for it, a moral obligation rested upon the defendant to do whatever was proper to enable the plaintiff to realize what he had thus purchased and paid for, and, from the nature and situation of the subject matter of the contract, the appropriate means of realizing it was as much purchased and paid for as the subject matter itself. The note, then, grew directly out of a transaction that was not only 'convenient and beneficial to the defendant, but prejudicial and inconvenient to the plaintiff, and this is clearly within the legal definition of a consideration; and, besides, it was executed in response to the moral obligation to do what was proper to enable the plaintiff to realize his purchase, and this was by both deemed the proper means, as the evidence shows. To the end that it may appear that the note was given without any consideration, it is in vain to show that it was designed merely to perform the office of an order, unless it could be shown, at the same time, in addition, that the order was an invalid one for want of consideration; as we have seen, from the rules of law laid down, that it would not be competent to change by parol a valid note into a valid order, but only to invalidate the instrument by showing its want of consideration. And when, therefore, the evidence merely shows that the note was designed to perform the office of an order, it falls short of the object designed, unless it could be also shown that, as an order, it was also invalid for wapt of consideration. Nor is this want of consideration shown by the proof of the other fact, that the right and title to the money in Georgia was purchased and paid for at the sole risk of the plaintiff, and that this note was designed to perform the mere office of an order to enable the plaintiff as a means to realize what he had purchased, as that would show the order a valid one on a good consideration. Suppose the subject matter of the purchase had been a negro instead of money, and the vendor had executed a bill of sale with warranty, and for breach of this warranty an action had been brought, and in this action the plea of no consideration had been filed, and the proof had shown merely that although the plaintiff had purchased and paid for the negro, and received the bill of sale with warranty, it was expressly stipulated by parol at the time, and witnesses had been called upon to remember it, that the warranty was not to be binding upon the vendor, would any one doubt upon either of two points: 1st. That the law forbids that parol testimony should nullify the warranty, and for this purpose any parol evidence would be incompetent; and 2d. Thai although this might be established satisfactorily, still the bill of sale would remain valid so far as the question of consideration was concerned, as that was thereby in no way disproved. So with the case before us: if the defendant, with intent and purpose merely to afford a means to the other party to obtain the money, executed an instrument upon a valuable consideration, the express legal effect of which is more than he designed, he does not disprove the consideration by showing merely this excess. To uphold a contract it is not necessary that a consideration be adequate or appropriate, and it would be unwise to interfere with the facility of making contracts, and the free exercise of the will and judgment of the parties, by not allowing them to be the sole judges of the benefits to be derived from their own bargains, provided there be no incompetency to contract and the agreement violate no rule of law. It seems clear to us, therefore, that the testimony falls far short of authorizing the verdict and judgment in the Court be-law, and that the motion for a new trial ought to have been granted. Wherefore, the judgment must be reversed, and the cause remanded to be proceeded in, with leave to the defendant to file, additional pleas if he desires to do so.