[Brown *et al.* v. Fowler.]

# Brown *et al.* v. Fowler.

*Action against Endorsers of Promissory Note.*

1. *Action against endorser of promissory note; sufficiency of complaint.*—In an action by the payee of a note against endorsers thereon, a complaint which alleges that the defendants endorsed the note, setting the same out *in haec verba*, and it is then averred that in the interim between the maturity of the note and the first term of the court to which suit might have been brought, the defendants had requested the plaintiff not to bring suit against the maker of the note, and expressly promised to pay the debt evidenced by said note, "thereby inducing plaintiff to delay bringing suit" against the maker of said note, and further alleges the institution of the suit against the maker of the note, the recovery of judgment, the issuance of execution upon said judgment and the return thereof "no property found," is sufficient as a complaint by the payee of the note against the endorsers thereon, and is not subject to demurrer.

2. *Same; same.*—It is no objection to such a complaint that it avers the institution of a suit against the makers of the note, the recovery of judgment therein, the issuance of execution thereon and its return of no property found, and such allegations are not subject to be stricken upon motion based upon the ground that they were immaterial and impertinent to any issue in the case.

3. *Action by payee of note against endorsers; not necessary for promise of endorser to be in writing.*—The promise of the endorser of a note to pay the same, by which the plaintiff is induced to delay bringing suit to the first term of the court to which suit could be brought, in order to constitute an excuse for not bringing suit to such term of the court, as provided by statute (Code, § 897, subd. 7), need not be in writing; all that is necessary being an express promise on the part of the endorser to pay the debt.

4. *Endorsement of note; not necessary for the consideration to be expressed.*—The act of endorsement, either in blank or in full, without qualification, forms a new contract between the endorser and the endorsee, and is *prima facie* evidence between the immediate parties of a full and valuable consideration;

[Brown *et al.* v. Fowler.]

and the failure of consideration is a matter of defense, the burden of proving which rests upon the one who disputes such consideration.

5. *Action against endorsee of note; sufficiency of plea.*—In an action by the payee of a note against an endorser thereon, where the complaint alleges that suit was not brought against the maker to the first term of the court to which it could be brought, after the maturity of the note, but that the plaintiff was induced to delay the institution of suit by the promise of the defendant as endorser to pay said note, a plea which sets up that the "alleged promise of the defendant upon which plaintiff relies for recovery as against these defendants, was wholly without consideration," is insufficient as a defense and subject to demurrer.

6. *Action against endorsers of note; admissibility of evidence.*—In an action against two endorsers of a note, where the allegations of the complaint are sufficient to show that each of the defendants separately endorsed said note, any evidence on the part of either of them that he made the several and individual promises to pay the debt is good as against him, and evidence tending to show that each defendant recognized the debt as his individual obligation and made such promises is admissible in evidence.

7. *Same; same.*—In an action by the payee against an endorser of a note, where it is alleged in the complaint that the defendants had promised to pay said indebtedness, and by reason of such promise the plaintiff was induced to delay the institution of the suit against the maker until after the first term to which it could have been brought, evidence of the solvency of the maker of the note at the time it fell due, and the amount of property owned by the maker and its value, is entirely irrelevant to any issue in the case and is inadmissible.

8. *Same; same.*—In an action by the payee of a note against the endorsers thereon, where it is alleged in the complaint that the defendants had promised to pay said indebtedness, and by reason of such promise the plaintiff was induced to delay the institution of the suit against the maker until after the first term of the court to which it could have been brought, and such promise is denied by the plaintiffs, and it is shown that the maker of the note was a corporation, it is competent for the plaintiff to show that the defendants, who were the endorsers of said note, owned a majority of the capital stock of the corporation which was the maker of said note, at the maturity of said note.

9. *Same; same.*—In such a case the testimony of a witness that the defendants had stated to him that they had promised the

plaintiff to pay said note, is admissible in evidence.

10. *Same; same.*—In such a case, a letter written by one of the defendants to the brother of the plaintiff, which shows an individual promise by said defendant to pay said note, is admissible in evidence.

11. *Evidence; when motion to exclude properly overruled.*—A motion to exclude the entire evidence of a witness, some of which is admissible and unobjectionable, is properly overruled.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

This was an action brought by the appellee, W. H. Fowler, against the appellants, J. R. and W. T. Brown. The complaint, as amended, was as follows: "The plaintiff claims of the defendants the sum of two thousand four hundred and twenty-one and 56-100 dollars, with interest thereon from the 13th day of April, 1897, due upon the following state of facts: Plaintiff avers that on the 2d day of December, 1893, the defendants endorsed a written obligation executed by the Ragland Coal & Coke Company, a corporation, in words and figures as follows: [Here follows the note which was endorsed by the defendants and was dated December 2, 1893, and made payable to the plaintiff December 25, 1894, and was signed "Ragland Coal & Coke Company, by J. R. Brown, G. M."] The complaint then averred the payment of a certain amount on said note. It then averred the institution of a suit on March 18, 1896, against the Ragland Coal & Coke Company, on said note, the recovery of judgment in said suit, the issuance of execution upon said judgment and the return thereof "no property found." It was then averred in said complaint as follows: "Plaintiff avers that between the 25th day of December, 1894, and the 18th day of March, 1895, defendants each requested plaintiff not to bring suit against said Ragland Coal & Coke Company, and expressly promised to pay the debt evidenced by said note, thereby inducing plaintiff to delay bringing suit against the said Ragland Coal & Coke Company. Wherefore plaintiff now sues to recover of defendants the said sum of two thousand four hundred and twenty-one and 56-100 dollars, and also the said

sum of eight and 5-100, the costs of suit, together with interest on said sum of two thousand four hundred and twenty-one and 56-100 dollars."

To this complaint the defendants demurred upon several grounds, which may be summarized as follows: 1. The complaint shows that the plaintiff's only cause of action or demand is against the Ragland Coal & Coke Company, and not against these defendants. 2. The complaint fails to show any cause of action or any state of facts against these defendants whereby they are legally bound for the payment of the debt or demand described in the complaint. 3. The complaint fails to show how or in what way the defendants endorsed said note so as to bind them. 4. The complaint shows that the plaintiff failed to bring suit against the maker of the note at the first term of the court to which suit could have been brought, and the complaint fails to show that defendants in writing, signed, waived or agreed that the time of bringing suit against the maker may be extended, as is required by law, in order to bind them as endorsers of said note. 5. It is shown in the complaint that the alleged promises of the defendants to pay said demand rests solely in parol, while the law requires that the consent, waiving or extending the time within which suit should be brought, in order to bind the endorser, should be in writing, signed by the endorser. 6. Because the complaint fails to show any excuse for the plaintiff not bringing suit and obtaining judgment against the maker of said note at the first term of the court to which suit could have properly been brought. 7. The complaint shows that the alleged promises of the defendants to pay said notes was wholly without consideration. 8. Because the complaint shows that the alleged promise to pay was a mere parol promise to pay the debt of another, and such promise is void under the statute of frauds. 9. Because it is not shown by the complaint that the plaintiff was, in any way, induced by the defendants to delay the bringing of suit against the makers of said note at the first term of the court to which said suit could properly have been brought, and it shows that suit was not brought for more than a year after

it could have properly been brought. 10. It is shown in the complaint that the plaintiff waived and abandoned the alleged promises of these defendants to pay the note mentioned and described in the complaint, by bringing suit against the maker of the note, Ragland Coal & Coke Co., and prosecuted the same to judgment. These demurrers were overruled. The defendants also moved the court to strike from the complaint that portion wherein the plaintiff averred the bringing of suit and the recovery of judgment against the Ragland Coal & Coke Co., and the issuance of execution thereon and the return of said execution, upon the ground that such averments were immaterial and impertinent to any issue in the cause. This motion was overruled, the ruling upon said motion being shown only in the minute entry.

The defendants pleaded the general issue and by special plea denied that they, or either of them, requested the plaintiff not to bring suit at any time prior to the April term, 1895, of the circuit court of St. Clair, which was the first term of the court after the maturity of the note, or that prior to the April term, 1895, of the circuit court of St. Clair county that they or either of them expressly promised to pay the debt evidenced by said note or in any other way induced the plaintiff to delay the bringing of suit thereon against the maker of said note. They also pleaded the following special pleas: "4. That the alleged promise of defendants upon which plaintiff relies for recovery as against these defendants was wholly without consideration." "6. That plaintiff failed to bring suit to the first term of the court to which suit could be brought after the maturity of the note mentioned in plaintiff's complaint against the maker thereof, whereby these defendants were exonerated as endorsers thereon." "7. That the plaintiff failed to bring suit against the maker to the second term of the court to which suit could have been brought after the maturity of the note mentioned in plaintiff's complaint; that if suit had been so brought against the maker and diligently prosecuted to judgment the money could have been made, the maker being solvent."

[Brown *et al.* v. Fowler.]

To the fourth plea the plaintiff demurred upon the grounds that no consideration was necessary to uphold the alleged promise, and that said plea was a mere conclusion of the pleader and states no fact on which issue could be taken.

To the sixth plea the plaintiff demurred upon the ground that under the facts set out in the complaint, the failure to sue at the first term of the court to which suit could have properly been brought, does not relieve the defendants from liability, and it was shown by the complaint and plea taken together, that plaintiff was induced to delay bringing suit by the acts and promises of the defendants.

To the seventh plea the plaintiff demurred upon the following grounds: 1. It does not deny the fact that plaintiff was induced to delay suit. by the acts and promises of the defendants. 2. Under the facts shown by the plea and complaint, taken together, no duty rested on plaintiff to bring suit to the second term of the court. 3. The complaint and plea taken together show that the liability of the defendants had been fixed by suit in due time against the maker. The demurrers to these pleas were sustained.

On the trial of the cause, the plaintiffs introduced in evidence the note sued on, which was described in the complaint, and which showed that it was endorsed in blank by the defendants, J. R. and W. T. Brown. The defendants objected to the introduction of this note in evidence, on the ground that it was illegal, immaterial and irrelevant. The court overruled the objection, and the defendants duly excepted. The plaintiff then offered in evidence the transcript of the record, proceedings and judgment in the cause of the plaintiff, W. H. Fowler against the Ragland Coal & Coke Company, instituted in the circuit court of St. Clair county on March 18, 1897, the issuance of execution upon said judgment, and the return of the sheriff on said execution "no property found." Each of the defendants objected to the introduction of said transcript in evidence, on the ground that it was illegal, immaterial and irrelevant. The court overruled the objection, and the defendants duly excepted.

[Brown *et al.* v. Fowler.]

John G. Fowler, a brother of the plaintiff, as a witness, testified that while his brother was absent from home, he authorized the witness to collect the note sued on; that on December 25, 1894, the date of the maturity of said note, he asked J. B. Brown, the general manager of the Ragland Coal & Coke Company, for its payment, stating that the plaintiff, his brother, wanted his money; that in this conversation said Brown stated that he would protect the plaintiff, and offered to give him a mortgage on the company's property to secure said debt; and he stated further in said conversation that neither he nor his brother wanted suit brought on the note; that there was no use in suing, inasmuch as he and his brother were worth the money, and he would protect the debt. This witness testified to having had a conversation with W. T. Brown, in which practically the same statements were made. He also testified that he did not know at that time that the defendant, W. T. Brown, was the treasurer of the Ragland Coal & Coke Company. There was no objection interposed to the testimony of J. G. Fowler during the time he was being examined as a witness, but after his examination was completed, the bill of exceptions recites that "the defendants and each of them severally and separately moved to exclude the evidence of the said John G. Fowler from the jury upon the ground that it contained no express promise to pay the debt mentioned in plaintiff's complaint by the defendants, or either of them as endorsers of the written obligation mentioned in the complaint of plaintiff in this cause; because said evidence did not show or tend to show that the plaintiff was induced by said statements or conversation of the defendants individually or either of them to delay bringing suit on the said obligation; and because said evidence was immaterial, irrelevant and illegal; and because the evidence of the said John G. Fowler showed that the statement of James R. Brown and W. T. Brown were made as officers of the Ragland Coal & Coke Company and not as individuals." The court overruled each of said motions to exclude the testimony of the witness J. G. Fowler, and to this ruling each of the defendants separately excepted.

The plaintiff W. H. Fowler, as a witness, testified to substantially the same facts as were testified to by J. G. Fowler. There was no objection to the testimony of the plaintiff at the time it was being given, but after his examination was finished each of the defendants moved the court to exclude all the testimony of the witness W. H. Fowler, upon the same grounds as were made the basis of the motion to exclude the testimony of the witness John G. Fowler. The court overruled the motion, and the defendants duly excepted.

It was shown by the testimony of the defendants that on December 25, and some time before and after, the defendant J. R. Brown was the general manager of the Ragland Coal & Coke Company, and the defendant, W. H. Brown was the treasurer. Each of the defendants denied having by word or act induced the plaintiff to delay bringing suit against said company on the note here sued on, and denied the promises individually to pay said debt or to become responsible therefor.

During the examination of J. R. Brown, as a witness, he was asked by the defendants' counsel the following questions: "If on December 25, 1894, the Ragland Coal & Coke Company was solvent?" "What property, if any, the Ragland Coal & Coke Company owned on December 25, 1894, and what was the market value thereof?" "What property, if any, the Ragland Coal & Coke Company owned between December 25, 1894, and March 18, 1895, and what was the value of such property?" The plaintiff separately objected to each of these questions, the court sustained each of such objections, and to each of these rulings the defendants separately and severally excepted.

On the cross examination of said J. R. Brown, the plaintiff's counsel asked him the following question: "If on the 25th of December, 1894, he, witness and defendant W. T. Brown did not own a majority of the capital stock in the Ragland Coal & Coke Co?" Each of the defendants objected to this question, upon the ground that it called for illegal, irrelevant, incompetent and immaterial evidence. The court overruled the objection, and to this ruling each of the defendants separately and severally excepted. The witness answered that he and the

defendant W. T. Brown did, at said time, own a majority of the capital stock in said company.

There was further evidence introduced by the defendants tending to show that the plaintiff and his brother did not know until after the commencement of the suit against the Ragland Coal & Coke Company that the law required suit to be brought against the maker of said note to the first term of the court to which it could properly be brought in order to bind the endorsers.

In rebuttal the plaintiff introduced one N. O. Hamilton as a witness, who testified that he had a conversation with both of the defendants in 1896 or 1897, and that in such conversation they stated to the witness that they had told plaintiff that they were responsible for the note of the Ragland Coal & Coke Company, and were worth the debt. The defendants separately and severally moved the court to exclude the testimony of this witness on the ground that it was illegal, irrelevant, incompetent and immaterial. The court overruled the objection and the defendant duly excepted.

The plaintiff then introduced in evidence a letter from the defendant John R. Brown, addressed to John G. Fowler, in which letter the defendant, John R. Brown, practically admitted his personal obligation upon said note, by reason of his promise to pay the plaintiff. This letter was written on the letter head of the Ragland Coal & Coke Company, but was signed by J. R. Brown, as an indivdual and not in an official capacity. The defendants each objected to the introduction of said letter in evidence, upon the ground that it shows on its face that it was written at the instance of the Ragland Coal & Coke Company, and that the promise to pay said debt was the promise of the Ragland Coal & Coke Company and not the promise of the defendants as individuals. The court overruled this objection, allowed the letter to be introduced in evidence, and to this ruling the defendants severally and separately excepted.

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The court charges the jury that if after the 25th day of Decem-

ber, 1894, and before the 18th day of March, 1895, defendants requested plaintiff not to sue the Ragland Coal & Coke Company, and expressly promised to pay the debt evidenced by the note, and thereby induced plaintiff not to sue at the first term of the court after the note fell due, then defendants were not discharged from liability as endorsers by plaintiff's failure to sue the Ragland Coal & Coke Company at the first term of court."  (2.)  "The court charges the jury that they may look to the letter written by J. R. Brown to John Fowler in connection with all the other evidence in the case in ascertaining whether defendants between the dates named in the complaint expressly promised to pay the debt, and induced plaintiff to delay bringing his suit."  (3.)  "The court charges the jury that even if John G. Fowler did not know that it was necessary to sue the maker to the first term of the court after maturity of note, yet if defendants after the maturity of the note and before the 18th day of March, 1895, defendants requested plaintiff not to sue the Ragland Coal & Coke Company and expressly promised to pay the debt and thereby induce plaintiff not to sue the Ragland Coal & Coke Company to the next term of the circuit court of St. Clair county, then the jury should find a verdict for the plaintiff."

The defendants each severally and separately excepted to the giving of each of said written charges, and also severally and separately excepted to the court's refusal to give each of the following charges requested by them:  (1.)  "The court charges the jury that if they believe all the evidence in this case, they must find the issues in favor of the defendants."  (2.)  "The court charges the jury that if they find from the evidence that the alleged promises of the defendants to prevent the plaintiff in the payment of the note in controversy, was made by defendants in their capacity as general manager and treasurer of the company, the maker of the note, and not in their personal capacity, or intending to by such promises personally bind themselves, then under all the evidence in the case the verdict of the jury must be for the defendants."

There were verdict and judgment for the plaintiff.

[Brown *et al.* v. Fowler.]

The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

M. M. SMITH and INZER & GREENE, for appellants. The complaint contains a sufficient cause of action, and the demurrers thereto were properly overruled.—*Davis v. Campbell*, 3 Stew. 319; *Phass v. Bachelor*, 3 Ala. 237; *Campbell v. Finnegan*, 114 Ala. 37; *Cook v. Mut. Ins. Co.*, 53 Ala. 37; *Hooks v. Anderson*, 58 Ala. 238; *Mobile S. Bank v. McDonnell*, 83 Ala. 595.

Since at the time of the alleged promise of appellants to pay said debt, they were not bound for the payment thereof, their promises as alleged in the complaint were not only without consideration, but were mere verbal promises to pay the debt of another, and, therefore, void under the statute of frauds.—*Hooks v. Anderson*, 58 Ala. 238; *Mobile S. Bank v. McDonnell*, 83 Ala. 595.

Written charges 1 and 3, given by the court at the instance of the plaintiff, should not have been given. The action is jointly against appellants and seeks a joint judgment. There is no evidence that appellants were partners, or that they were in any way jointly liable for the payment of said debt. The request not to sue and promises to pay the debt by appellants was made separately, and at different times and places. There being no joint liability the plaintiff was not entitled to recover under any phase of the evidence. *Walker v. Ins. Co.*, 31 Ala. 529; *Jones v. Engleheart*, 78 Ala. 550; *Jackson v. Bush*, 82 Ala. 396.

AMOS E. GOODHUE, *contra.*—It is well settled law that an endorser of non-negotiable paper may by an act or promise of his induce a plaintiff to delay the bringing of suit and thereby render himself liable under subdivision seven of section 894 of the Code; and that a written consent is not necessary in such a case as a written consent is necessary under section 893. The court will have no difficulty in disposing of the remaining questions presented by the appellants' as-

[Brown *et al.* v. Fowler.]

signments of error. It will be observed that in the case at bar there is shown the express promise to pay made before the period of suit had expired and also a representation of the solvency of the maker.—*Caulfield v. Finnigan*, 114 Ala. 39.

HARALSON, J.—1. The Code prescribes a form for a suit by an assignee against the assignor or indorser of a note, upon which suit has been brought to charge the maker, judgment obtained and execution issued according to law and returned "no property found," as required in such sases, before proceeding against the assignor or indorser to make him liable, as by section 892 of the Code. There is no form prescribed for suits to charge the indorser, when he has in writing waived suit to charge himself (Code, § 893), or when the holder of the indorsed or assigned paper is excused from bringing suit for one of the several causes excusing him from so doing, as prescribed by section 894 of the Code. That section provides, "That the holder is excused from bringing the suit, obtaining the judgment and issuing execution thereon," when one of the prescribed conditions, as therein laid down, exists. The 7th and last of these excuses is: "When, by any act or promise of the indorser, the plaintiff is induced to delay bringing such suit." The statute, itself, seems plainly to excuse the bringing of the suit at any time against the maker after default to sue to the first term after the note is due, to hold the indorser liable, when one of the excuses for not doing so exists, and that under this section, with one of the excuses for not so suing the maker existing, the holder of the indorsed paper, without afterwards suing the maker at all, may proceed against the indorser, as against the maker in the first instance, to enforce his, the indorser's, liability on the same. In *Lindsay v. Williams*, 17 Ala. 229, it was said by DARGAN, C. J.: "We should hold, if an indorser [holder] did not know in what county the maker resided, and could not by diligent inquiry ascertain the county of his residence in time to sue to the first court, that this would be a sufficient excuse for failing to sue

at the first term, and I think it may be questioned whether it would not dispense with the necessity of a suit altogether, even if the holder by inquiry should afterwards ascertain the residence of the maker."

The complaint in this case, appears to be apt, in declaring the liability of the defendants as indorsers of the note. It is a mistaken view, that the suit is upon the judgment which the plaintiff obtained in the circuit court against the maker of the note, or a special action on the case against defendants,—one or the other of which, the defendants, on appeal, suggest the action to be. It is a clear case of a suit by the payee of a non-negotiable note against the indorsers thereon, to charge them with its payment. The complaint alleges that the defendants indorsed the note, which is set out *in haec verba,* and avers that in the interim between the maturity of the note—the 25th December, 1894—and the first term of the court to which suit might have been brought,—the 18th day of May, 1895,— "defendants, each, requested plaintiff not to bring suit against said Ragland Coal & Coke Company, (the maker of the note) and expressly promised to pay the debt evidenced by said note, thereby inducing plaintiff to delay bringing suit against the said Ragland Coal & Coke Company, wherefore plaintiff now sues to recover of defendants, (the indorsers of said note), the sum of $2,421.56, and also the said sum of $8.05, the costs of suit against the makers, with interest," etc. While the statute, under the allegations of the complaint, did not require this suit to be instituted against the maker before suing the indorsers to charge them, it was clearly not against their interest for it to have been done. It was a step in their interest, to enforce payment, if it could be done, out of the maker of the note, without resort to the defendants as indorsers. It was an act of good faith, without the effect, as contended by defendants, of a waiver of the promise of defendants to pay, as an inducement to delay suit, and one at which they cannot be heard to complain. The refusal of the court to grant the motion of defendants to strike that part of the complaint setting up the institution of that suit, the rendition of judgment therein, issuance of exe-

cution thereon and its return of "no property found," was not reversible error. Furthermore, the ruling on the motion appears alone in the minute entry and is not here reviewable. Nor was there reversible error in overruling the demurrers to the complaint on the same ground, or for allowing in evidence the certified transcript of the judgment, the execution and the return of the sheriff thereon.

2. The legislative history of sections 892, 893 and 894 of the Code was reviewed, and construction carefully given to them by Brickell, C. J., in the late case of *Caulfield v. Finnegan*, 114 Ala. 39. Of section 894, and its subdivision 7, it was said: "Without now assuming to decide what acts, promises, inducing the delay of suit, the subdivision may comprehend, it is enough to say, that an express promise to pay the debt with or without writing, or representation of the solvency of the maker, inducing the delay of suit, made before the period of suit had expired, we incline to the opinion, would constitute a promise, or an act, within its meaning. The promise to pay, must, however, be express; it must not be a mere implied promise deduced from a verbal waiver of suit, for that would render nugatory the mandate of the statute that the waiver to be availing must be in writing (section 893), and if it was in writing, there would be no occasion for resorting to the subdivision." A clear distinction is drawn in the decision between a *waiver* of time for bringing suit under section 893, and an express *promise* to pay the debt, as an excuse for not suing, under section 894. In the one case, the waiver must be in writing, and in the other the promise need not be.

3. The complaint alleges,—as to the endorsement of the note,—its date having been given as the 2d December, 1893: "Plaintiff avers that on the 2d day of December, 1893, the defendants indorsed a written obligation executed by the Ragland Coal & Coke Company, a corporation, in words and figures following" (setting out the note). The act of endorsement, either in blank or in full, without qualification, says Mr. Parsons, "forms a new contract with the indorsee, that the maker will pay the same at maturity, when duly called

[Brown *et al.* v. Fowler.]

upon and notified, and that the indorser will pay the same if he does not. It is an original undertaking, and not a promise to pay the debt of another under the statute of frauds."—2 Parsons on Notes and Bills, pp. 23, 25; Story on Notes, § 135. The indorsement is *prima facie* evidence, between the immediate parties, of a full and valuable consideration, but as a matter of defense, it may be inquired into, the burden being on him who disputes the consideration.—2 Parsons on Notes & Bills, 23; Story on Prom. Notes, § 7; 181, 196; *Gee v. Nicholson*, 2 Stew. 512; *Parkham v. Stringfellow*, 5 Ala. 346; Code, § 1800.

The demurrer to the complaint was properly overruled.

4. The demurrer to defendant's pleas was properly sustained. The 4th is not a denial of the consideration of the note, but of the promise to pay, to induce defendant not to sue the maker. What consideration there was for the promise is set out in the complaint, which the plea of the general issue put in issue. Furthermore, there was no valuable consideration needed for the alleged promise. The vices of the 6th and 7th pleas fully appear from what has already been said.

5. The presumption from the allegations of the complaint is, that defendants separately indorsed said note. Any evidence on the part of either of them that he made a special, individual promise to pay was good as against him; and the evidence tends to show that each defendant recognized the debt as his individual obligation, and made such promise.

6. Evidence of the solvency of the Ragland Coal & Coke Company at the time the note fell due, and the property then owned by it and its value, as proposed to be proved by defendants, were facts entirely irrelevant to the issue in the case, and were properly disallowed by the court. On the cross-examination of the defendant, J. R. Brown, examined in chief by defendants, he was asked by plaintiff's counsel: "If on the 25th of December, 1894, [which was the date of the maturity of the note], he, witness and W. T. Brown did not own a majority of the capital stock in the Ragland Coal &

Coke Company?" There was no error in allowing him to answer, against the objection that the evidence sought was illegal and immaterial, that they did own a majority of the stock. The vital issue in the case was, whether or not the defendants requested plaintiff not to sue the Coal & Coke Company, and promised to be personally responsible for the debt. If they had no interest in the company, it might appear unreasonable, that they had made such a request and promise; but, if they owned a majority of the stock in the company, and practically controlled it, they had motive and interest in such request and promise, and it was competent to go to the jury in determining on all the evidence, whether they made such request and promise or not.

7. Evidence of N. O. Hamilton was offered by plaintiff, that in the year 1896 or 1897, he had a conversation with the defendants in Asheville, in which they said that they had told the plaintiff that either of them was worth the debt; that W. T. Brown said that he went to Fowler and told him that he and his brother were worth the debt, and both of them said that they had offered to give plaintiff a mortgage on the company's property and pay $300 per month until the debt was settled. Motion was made by defendants to exclude this evidence, on the ground that it was illegal, irrelevant and immaterial. There was no error in overruling the motion. The evidence tended to show an admission by defendants of the request and promise alleged to have been made to induce plaintiff not to sue the maker of the note, and was competent inconnection with the other evidence tending to establish the promise.

8. The letter of J. R. Brown to J. G. Fowler in 1896 was properly admitted, against the objection of illegality and irrelevancy, and because it appeared to have been written for, and at the instance of the Coal & Coke Company. It contains an individual promise to pay at that time, and also an expression of what he and the other endorser had desired in the past, viz., "we wanted you to still hold the same paper." When taken with all the evidence, it tends to support the main issue in the cause.

9. The motion to exclude the evidence of John G. Fowler was properly overruled. The motion went to the entire evidence, portions of which were unobjectionable. No objections appear to the evidence as the witness gave it. Furthermore, the evidence tends to establish the promise as alleged. The same is true of the evidence of W. H. Fowler.

10. There was no error in the charges given at the request of plaintiff. The suit is not on a joint contract, or cause of action, as contradistinguished from a several undertaking by defendants. The parties, as the evidence tends to show, each made the promise counted on. Under the allegations of the complaint, the plaintiff might have sued either of defendants without the other and maintained the suit on his individual promise. It is only when the complaint avers a joint contract or cause of action, that the evidence must show, for a recovery, a joint and not a several promise. *Jackson v. Bush,* 82 Ala. 396; *Jones v. Englehardt,* 78 Ala. 505. Charge two may have been subject to an objection of being argumentative, or laying stress on a particular phase of the evidence, but this is not reversible error.

It needs no discussion to show that the charges requested by defendants were properly refused.

Let the judgment be affirmed.