# Marshall *v.* Bishop.

### *Action against Endorser on Promissory Note.*

1. *Action against endorser of promissory note; when suit need not
   have been brought to first term of court after maturity.*—In an
   action against the endorser of a promissory note where it is
   averred in the complaint that suit was not brought against the
   maker at the first term of the court after the note fell due, to
   which suit could have been properly brought, because imme-
   diately after the note became due, and before it was necessary
   to bring suit at the next succeeding term of the court, the de-
   fendant promised to pay the note, if there is any evidence in-
   troduced going to show that the defendant expressly and un-
   conditionally promised the plaintiff to pay the note immedi-
   ately after its maturity, it is error for the court to give the
   general affirmative charge requested by the defendant upon
   such issue.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

This was an action brought by the appellant, Mrs.
E. C. Marshall, against the appellee, C. H. Bishop, to
recover from the defendant, as endorser, an amount al-
leged to be due upon a note which was executed by one
W. P. Long to the plaintiff, and which was endorsed by
the defendant. In the complaint as last amended, it was
averred that the note was not paid by the maker at ma-
turity, and that on the day said note fell due, the plain-
tiff, through her agent, demanded payment thereof from
the defendant, and that the defendant told the plain-
tiff's agent that he would pay said note, and that the
defendant had promised several times subsequently to
pay said note, which promises were made more than
thirty days before the first term of the court, to which
suit could have been brought against the maker of the
note after it fell due. These averments were made as an
excuse for not bringing suit on said note against the

maker thereof at the first term of court to which suit could have been properly brought. The cause was tried upon the plea of the general issue. At the trial of the case, the plaintiff introduced one John C. Culpepper, as a witness, whose testimony is set out in the bill of exceptions in the following language: "That on October 3, 1899, Mrs. Marshall, the plaintiff in this suit, gave him the note sued on in this case, and instructed witness to go and see Mr. Bishop, the defendant, about it; that witness took said note and went to see said Bishop on said date; that witness told said Bishop that the note had not been paid, and Mrs. Marshall wanted her money; that said Bishop told witness to tell Mrs. Marshall to wait on him for ten days, until he could write to Mr. Long, the maker of the note, and that if Long did not pay the note, that he (Bishop) would pay it; that witness saw Bishop several times during the winter of 1899, and in three or four weeks after said October 3d, as the agent of said Marshall, about said note, and said Bishop always promised to pay said note if Long did not pay it."

The plaintiff was examined as a witness in her own behalf, and her testimony is set out as follows in the bill of exceptions: "That shortly after said note sued on fell due, in about two or three weeks after it fell due, she saw the defendant in reference to same, and he promised her that he would pay the note if he could not get Long to pay it."

This was all the evidence introduced in the case, and at the request of the defendant the court gave the defendant the affirmative charge in his behalf, to the giving of which the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals and assigns as error the giving of the general affirmative charge requested by the defendant.

G. L. COMER, for appellant, cited *Caulfield v. Finnegan,* 114 Ala. 39; *Brown v. Fowler,* 133 Ala. 310.

S. H. DENT, JR., and C. S. McDOWELL, JR., *contra.* The promise which' the plaintiff proved that the defendant made was conditional and contingent; and therefore did not come within the exception of the rule announced by subdivision 7 of section 894 of the Code. *Caulfield v. Finnegan*, 114 Ala. 39.

McCLELLAN, C. J.—There was evidence going to show that the endorser, the defendant here, expressly and unconditionally promised the payee to pay the note immediately after its maturity and from time to time thereafter. Direct testimony that these promises induced the payee to forego suit against the maker to the next ensuing term of the court was not offered, nor would it have been admissible; but it was open to inference and deduction by the jury that the promises had this effect. So finding, the case is brought within the exception provided by sub-div. 7 of '§ 894 of the Code of 1896; *Brown v. Fowler*, 133 Ala. 310.

The affirmative charge took away from the jury the right to find that the endorser had made these promises and that the payee had been induced by them to delay suit against the maker. The court erred in giving it.

Reversed and remanded.

